Bishop v. O'Connell, et al.

David H. Bishop, Appellant, *vs.* Patrick O'Connell, *et al.*, Respondents.

1. *Fraudulent conveyances—Change of possession, what necessary under the statute.*—To render a sale of personal property valid as against creditors, etc., it must be followed by an actual and continued change of possession, and a change so open, notorious and unequivocal as to apprise the community that the vendor had ceased to be the owner of the property. (See Wagn. Stat., 281, § 10; Claflin vs. Rosenburg, 42 Mo., 439; Lessem vs. Herriford, 44 Mo., 323.)

2. *Sale of personal property—Change of possession—Reasonable time—What is.*—What will be a "reasonable time" for change of possession of personal property after sale, as meant by the statute (Wagn. Stat., 281, § 10,) must be determined b the circumstances of each case. No definite rule can be laid down.

*Appeal from St. Louis Circuit Court.*

*Slayback & Hæussler*, for Appellant.

*M. Kinealy*, for Respondent.

Wagner, Judge, delivered the opinion of the court.

This was an action of replevin. From the record it appears that one Swainson owned a lot of ground on which there was a dwelling house containing furniture. On the last day of August, 1869, while indebted to several persons, he sold and conveyed the house and furniture by deed to the plaintiff, who, on the same day, leased the premises and furniture to him for the term of one year. Swainson still continued in the possession of the premises, house and furniture after the sale in the same manner as before, and there seems to have been no visible change made. He continued his residence in the same manner after the expiration of the lease till November 12, 1870, when defendant O'Connell, as constable, seized the furniture as his property, by virtue of several executions in his hands. Swainson then gave a delivery bond for the forthcoming of the property on a day specified, the plaintiff being one of the sureties on the bond. Immediately after the levy and seizure of the property under the executions against Swainson, the plaintiff instituted this action, claiming the furniture as his own. The trial at Special Term

was before the court and a jury, and the plaintiff had a judgment which was reversed at General Term, and the plaintiff has appealed the cause here.

Of the eight instructions asked by the defendant, the court gave two. The first told the jury that the sale of the property ty to plaintiff by Swainson was void as against the creditors of Swainson, unless it appeared from the evidence that such sale was accompanied by a delivery of the property sold in a reasonable time, regard being had to the situation of the property, and was followed by an actual and continued change of possession of the property prior to the levy under the execution by defendant O'Connell, and that such change of possession was open and notorious.

By the second, the court instructed the jury that unless the sale of the property mentioned in the petition, and claimed to have been sold to plaintiff by Swainson, was accompanied by a delivery of the property so sold to plaintiff within a reasonable time after the sale, regard being had to the situation of the property, and was followed by an actual and continued change of possession, and that such change of possession was so open, notorious and unequivocal as to apprise the community that Swainson had ceased to be the owner of the property, the sale was void as to creditors, and plaintiff could not recover.

At the instance of the plaintiff, the court instructed the jury that if they believed from the evidence that the plaintiff was, at the date of the bringing of this suit, and ever since, and prior to October 31, 1871, the owner, or lawfully entitled to the possession of the personal property described in the petition, then they should find for the plaintiff, with damages, &c. And unless they believed that the defendant, Swainson, owned the property, or was lawfully entitled to the possession thereof, then they should find for plaintiff.

The instructions given for the defendant are in the language of the statute in reference to fraudulent conveyances, and in precise conformity with the construction placed upon it by this court. (Claflin vs. Rosenberg, 42 Mo., 439 ; Lessem vs. Herriford, 44 Mo., 323.) What would be a reasonable time for the delivery of the goods, regard being had to

the situation of the property, must be determined by the circumstances of the case. No definite rule can be laid down. But there must be within a reasonable time, or as soon as circumstances will permit, an open and visible change of possession—a notorious transfer, which will inform the community that the property has changed hands.

The instructions for the plaintiff ignore these principles entirely. They make the sale and ownership of the property as between the parties to the transaction the test of title, without regard to what the statute declares to be void, in consequence of a retention of the possession by the vendor after the sale. These, taken with the oral declarations made by the judge who tried the case before the jury, that the statute did not apply where personal property was sold with real estate, was certainly calculated to mislead the jury.

The judgment at General Term should be affirmed. The other judges concur.