WRIGHT v. McCORMICK, *Appellant.*

1. **Fraudulent Conveyances :** SALE OF GOODS, CHANGE OF POSSES-SION. The actual and continued change of possession, contemplated by the statute in relation to fraudulent conveyances, (1 W. S. p. 281, § 10,) must be open, notorious and unequivocal—such as to apprise the community, or those accustomed to deal with the vendor, that the goods sold have changed hands, and that the title has passed from the vendor to the vendee, (following *Claflin v. Rosenburg*, 42 Mo. 439, and other cases).

2. **Case Adjudged.** If the purchaser of a stock of goods permits them to remain at the vendor's place of business, without removing his business sign, the change of possession is not unequivocal within the meaning of the foregoing rule, notwithstanding it may appear that when the sale was made, the purchaser, in the presence and with the consent of the vendor, notified the vendor's clerks of the fact and told them that in dealing with the goods in the future they were to act for him, and that the vendor was to have no further control over them, and that he did not, in fact, exercise any further control with the purchaser's consent.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

*B. G. Wilkerson* and *W. L. Felix* for appellant.

If after the alleged sale, the vendor remained in apparent possession and control of the goods, exercising apparent ownership and control over the same, it makes no difference whether this was with or without the consent of the vendee. The law only takes notice of the facts as they appear to the public. Bump on Fraud. Con., (2 Ed.) pp. 112, 113, 114; *Claflin v. Rosenberg*, 42 Mo. 439; *Lesem v. Herriford*, 44 Mo. 323; *How v. Taylor*, 52 Mo. 597; *Bishop v. O'Connell*, 56 Mo. 158; *Burgert v. Borchert*, 59 Mo. 80.

*Snoddy & Short* and *Bridges & Sloane* for respondent.

The law does not require a purchaser to do a foolish thing. In this case he was not required to have the seller's sign taken down from the store, and his own substi-

tuted in its place.   He did not buy the goods with the design of continuing the same business at the same place but intended within a reasonable time after the sale commenced to box the goods for shipment to St. Louis.   He cannot be prejudiced by the unauthorized interference of the seller in and about the store after the sale had taken place.   *State to use of Heed v. King,* 44 Mo. 238; *Criley v. Vasel,* 52 Mo. 445.

HOUGH, J.—This was an action brought by the plaintiff, under the statute relating to the claim and delivery of personal property, against the sheriff of Pettis county, to recover certain property seized by him on the 30th day of October, 1874, under a writ of attachment against Charles A. Doherty, a dealer in cigars and tobacco, in Sedalia. The plaintiff claimed title under a sale of said goods made to him by said Doherty on the 28th day of October, 1874, and the validity of this sale, as against the attaching creditor, is the question presented for determination.   It appears from the record that Doherty, who was indebted and in failing circumstances, wrote to the plaintiff, Wright, who was one of his creditors, and resided in St. Louis, that he had been sued, that he wished to secure his debt, amounting to $490, and that he had better employ Snoddy & Bridges to attend to the matter.   Wright at once directed Snoddy & Bridges to secure his debt, and in doing so to act according to their best judgment.   Doherty kept two establishments in Sedalia, a store in the Porter block, on Ohio street, and a cigar stand in the Ilgen house. David Sprecher was clerk in one, and his brother, Newton Sprecher, was clerk in the other.   On the 28th day of October, 1874, in consideration of the debt due by him to the plaintiff, Doherty executed to the plaintiff a bill of sale of the stock on hand, in both establishments, and delivered the same to Bridges.   At the same time one of the keys to the store on Ohio street was handed by Doherty to Bridges, the other being retained by the clerk, and both

clerks were informed by Bridges, in the presence of Doherty, that he had bought the goods in both places of business, and they were instructed to account to him for all sales thereafter made by them, and not to permit Doherty to have any further control over the goods. Both places of business were kept open, and sales made thereat as usual, after the execution of the bill of sale, and the same sign, "C. H. Doherty, dealer in cigars and tobacco," was kept up at the store, which had been there for months prior to the sale. Nor was there any change made at the cigar stand to indicate a change of ownership. After the sale and before the attachment, Doherty was frequently at the store, and occasionally made sales of the goods therein, but, as appears from the testimony of Bridges, without his knowledge or consent. Newton Sprecher testified that he was paid by Doherty for his services at the cigar stand, up to the morning of the attachment. The court refused all the instructions asked by the defendant, and of its own motion gave the following:

1. That if it appear from the evidence that at the time of the alleged sale from Doherty to plaintiff, Doherty had the control or was in possession of the goods sold, the plaintiff cannot recover in this action, unless the court, sitting as a jury, is satisfied from the evidence that the sale was in good faith and for a valuable consideration, and accompanied by a delivery of the goods so sold in a reasonable time, (regard being had to the situation of the property,) and such sale and delivery was followed by an actual and continued change of the possession of the thing sold.

2. It is necessary to the validity of the sale from Doherty to plaintiff that the change of the possession of the thing sold, as required by the first instruction above, from Doherty to plaintiff, should have been actual, exclusive, visible and continuous up to and at the time of the levy of the attachment; and if the court, sitting as a jury, believes from the evidence that the plaintiff did not,

in good faith, purchase said goods, or that there was no actual, continued and visible change of possession and control of said goods sold, prior to levy thereon of the defendant, the finding must be for the defendant.

3. If the court, sitting as a jury, believes from the evidence, that prior to the levy by defendant on the goods sold, the plaintiff, by his agent, Bridges, in the presence of Doherty, or with his assent and concurrence, notified and informed the Sprechers, who had before and up to that time been agents and clerks of said Doherty, that he had bought said goods and that they were to act for plaintiff in any further charge or dealing with said goods, and that Doherty was to have no further control of, and nothing further to do with, the goods sold, and further believe that, with the plaintiff's assent, Doherty had nothing further to do with the goods or with the posession or control of the same, then in such case there was such change of possession as is contemplated by instructions 1 and 2 above.

The court found for the plaintiff, and the defendant has appealed. It has been repeatedly held by this court that the actual and continued change of possession contemplated by the statute in relation to fraudulent conveyances, must be open, notorious and unequivocal, such as to apprise the community or those accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the seller and into the purchaser. *Claflin v. Rosenberg*, 42 Mo. 439; *Bishop v. O'Connell* 56 Mo. 158. In *Lesem v. Herriford*, 44 Mo. 325, it was said that the statute requires "such a change as to preclude the hazard of the seller deriving a false credit from the continuance of his apparent ownership." The third instruction given by the court is not in harmony with these decisions, and while the facts stated in that instruction might constitute a true test of title as between the parties to the transaction, they are of themselves, insufficient to notify the community at large, or the regular customers even of the vendor, that there had been a change of own-

ership.    The retention of the old sign, which fact is undis-
puted, amounted to a declaration to the public that Doherty
was still proprietor of the store, and notwithstanding the
facts recited in the instruction, gave to the transaction an
equivocal character.    The change of possession, as appears
from the undisputed facts in the case, not having been
such as the statute requires, should have been declared to
be fraudulent as a matter of law.    We are of opinion
that the judgment should be reversed and the cause re-
manded.    All concur.

REVERSED.