STEWART v. NELSON *et al., Defendants;* BERGSTROM, *Interpleader and Appellant.*

1. **Fraudulent Conveyances:** CHANGE OF POSSESSION. To make a sale of personal property valid as against creditors of the vendor, the vendee must, within a reasonable time (regard being had to the situation of the property) take actual, open, notorious and unequivocal possession, and the change of possession must be continued. The mere marking of the property will be of no avail if there is no change of possession.

2. ——— : ———. When it appears from the undisputed facts that there is no such change of possession, the court should, as matter of law, declare the sale fraudulent.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*Reed & Hall* for appellant.

*Jno. R. Christian* for respondent.

NORTON, J.—Plaintiff, as an attaching creditor of defendants Nelson & Aspland, levied his attachment on certain railroad ties as the property of said defendants. Bergstrom, the appellant herein, appeared and filed an interplea, claiming said ties to be his property in virtue of a sale thereof made to him by said Nelson & Aspland prior to the levy of such attachment. On the trial of the issue presented by the interplea and the reply thereto, the court instructed the jury that under the evidence, interpleader Bergstrom was not entitled to recover, and judgment was thereupon entered against him, from which he has appealed to this court, and assigns for error the action of the court in giving the above instruction.

The evidence offered on the trial, while it tended to show that Bergstrom had bought the ties in question of Nelson prior to the levy of the attachment, did not show

that the actual possession of the ties had been delivered to Bergstrom. The evidence does show that after the sale Bergstrom put a red dot on each of the ties, but it also shows that the ties were left in the possession and under the control of Aspland, the partner of Nelson, the same as before the sale. It has been held in the following cases that under section 10, Wagner's Statutes, 281, which is the same as section 2535, Revised Statutes, the vendee of personal property must take actual possession within a reasonable time (regard being had to the situation of the property) and be followed by actual and continued change of possession, and that such possession must be open, notorious and unequivocal. *Claflin v. Rosenberg*, 42 Mo. 439; *Burgert v. Borchert*, 59 Mo. 80; *Wright v. McCormick*, 67 Mo. 426. In the last case cited it was held that when it appears from the undisputed facts in the case that the change of possession is not such as the statute requires, the court should, as a matter of law, declare the sale fraudulent. The undisputed evidence in this case is that Aspland, the partner of Nelson, remained in possession of the ties after the sale as he did before. Under this authority the court was justified in giving the instruction complained of.

Judgment affirmed, all the judges concurring.