JOHN P. HARMON, Respondent, v. J. D. MORRIS *et al.*, Appellants.

Kansas City Court of Appeals, December 24, 1887.

1. SALE OF PERSONAL PROPERTY—CONSTRUCTION OF SECTION 2505, REVISED STATUTES, CONCERNING.—The provisions of section 2505, Revised Statutes, relating to the sale of personal property, and as to its delivery, apply to existing as well as subsequent creditors of the vendor. (*Worley ex rel. v. Watson,* 22 Mo. App. 557, *overruled, on this point*).

2. —— —— CHARACTER OF DELIVERY AND CHANGE OF POSSESSION.—Under the above statute, in the case of a sale of goods, there must be an actual delivery—a substantial change of the possession. No symbolical delivery will suffice, as against third persons, and the change of possession must be open and visible, such as to apprise the public, and those who are dealing with the vendor, that the property has changed hands, and the title passed from the vendor to the reputed vendee. And this change must be continuous—at least long enough to meet the spirit and object of the statute.

APPEAL from Johnson Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

SAM'L P. SPARKS and A. B. LOGAN, for the appellants.

I. The alleged sale was not accompanied by a delivery of the possession and followed by an actual and continued change in the possession of the property attempted to be sold, and was, as to the vendor's existing creditors, void, notwithstanding it was in good faith and for value. *Claflin v. Rosenberg,* 42 Mo. 439; *Lesem v. Herriford,* 44 Mo. 323; *Howe*

*v. Taylor*, 52 Mo. 392; *Bishop v. O'Connell*, 56 Mo.
158; *Burgert v. Borchert*, 59 Mo. 80; *Wright v.
McCormack*, 67 Mo. 426; *Stern v. Henley*, 68 Mo. 262;
*State ex rel. v. Merritt*, 70 Mo. 275; *Mills v. Thompson*,
72 Mo. 367; *State ex rel. v. Cooper*, 79 Mo. 464; *Stewart
v. Nelson*, 79 Mo. 522, 524; *Crane v. Timberlake*, 81
Mo. 431. An examination of the foregoing cases will
disclose that the assailing parties were existing creditors
in every case.

II. It follows from the authorities cited under
proposition I., that declarations numbered two, three,
and four were correct expositions of the law of this case,
and should have been given.

III. The uncontradicted testimony showed there
had been no such change as was required by law, and
the sale was void as to Morelock's creditors, as a matter
of law, and the judgment was contrary to the law and
evidence.

IV. The court erred in permitting respondent to
give oral testimony of the terms of the sale, after it was
shown that it had been reduced to writing and such
writing still in existence. 1 Greenl. Evid. (Ed. 1866)
sec. 50.

O. L. HOUTS, for the respondent.

I. This sale was good as between vendor and
vendee. Antecedent creditors cannot question it. Sec-
tion 2505 does not apply. *Worley ex rel. v. Watson*,
22 Mo. App. 546; *Tufts v. Thompson*, 22 Mo. App.
564; *Defiance Machine Works v. Trisler*, 21 Mo. App.
69. Had the attaching creditors in this case, at the time
they attached, purchased the property for value, they
would not have been "subsequent purchasers in good
faith," for they had notice of respondent's ownership.

II. The court did not err in receiving oral testimony
of the terms of the sale. There was no dispute or con-
flict of evidence as to the terms of the sale. The only
issue raised by appellants was as to the delivery of the

property, on which the bill of sale threw no light. In the second place, appellants, by their own witnesses, and in cross-examination of respondent and his witness, proved the contents of the bill of sale and the terms of the sale, and are not in a position to object. The objection at the trial, furthermore, came too late and after the evidence was in.

III. Respondent submits that the abstract of record filed by appellants does not " set forth so much of the record as is necessary to a full understanding of the questions presented," and, under rule 15 of this court, the appeal should be dismissed. ,

PHILIPS, P. J.—This is an action of replevin. The property in controversy consists of a spring-wagon, two mules, two horses, and one set of wagon harness. The property, on the eleventh day of August, 1886, belonged to one Louis Morelock. On that day, Morelock, being indebted to the plaintiff for about the sum of three hundred and forty dollars, and being indebted to other parties, proposed to sell to plaintiff the above-named property, with other personal property owned by him, in payment of said debt and for cash for the excess; stating at the time that his purpose was, with the balance of the money, to satisfy said other indebtedness. After some negotiation the parties came to an agreement. The whole amount of the purchase money was about eleven hundred dollars. The next day or two, Morelock drove the wagon and horses and mules thereto attached, into the town of Holden, where the plaintiff resided, bringing in to plaintiff some oats included in the purchase so made. Morelock stated to plaintiff: "I brought along a couple of loads of oats and brought the teams, now you can do as you please with them." Plaintiff went out, and looked them over to see if they were the same he purchased, and verbally accepted them. After dinner plaintiff seems to have contracted with Morelock for more oats, and told Morelock to take the teams back, and haul the oats with them to plaintiff.

One Roberts, who seems to have been interested in the transaction with plaintiff, owned a farm adjoining that on which Morelock lived; and spoke to Morelock about doing some ploughing thereon for him. Plaintiff consented that Morelock might do this ploughing for Roberts, with said teams, using feed belonging to plaintiff on the premises. Accordingly Morelock returned home with the property, hauled the oats, as agreed, and retained the property in his possession, excepting the spring-wagon, as theretofore, doing the ploughing for Roberts, and also doing some ploughing for a neighbor with the teams.

While the property was in this situation, on the thirtieth day of August, 1886, the defendants, as constable and deputy constable, seized the said property under writs of attachment at the suit of other creditors of Morelock. Whereupon, plaintiff instituted this action in replevin. The cause was tried before the court without the intervention of a jury. The verdict and judgment were for plaintiff. Defendants have appealed.

I. Section 2505, Revised Statutes, provides that, "Every sale made by a vendor of goods and chattels in his possession, or under his control, unless the same be accompanied by a delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith," etc. There is nothing in the record before us to indicate that the trial court based its conclusion on the assumption that said statute applies only to the instance of subsequent creditors. But respondent's counsel defends the judgment on this ground, and cites in support of the position the case of *Worley ex rel. v. Watson* (22 Mo. App. 553). I am satisfied, on consideration, that so much of the opinion therein as asserts that the statute in question applies only to subsequent creditors of the vendor was

an inadvertence, in failing to recognize the difference between this section and section 2303 of the same statute, which had been construed in *Defiance Machine Works v. Trisler* (21 Mo. App. 69), and *Tufts v. Thompson* (22 Mo. App. 563), to apply only to subsequent purchasers, etc. It was not absolutely essential to the conclusion reached in the *Worley case* that section 2505 should have been so construed. The incidental reference to it in the opinion, I am frank to confess, was inconsiderate ; and that portion of the opinion is now expressly overruled. Section 2505 does apply to the instance of existing creditors of the vendor.

II. Section 2505 has been frequently considered and construed by the Supreme Court, and in such explicit terms as to leave little ground for misunderstanding its import. There must be an actual delivery, a substantial change of the possession. No symbolical delivery will suffice, as against third parties. The change of possession must be open and visible, such as to apprise the public, or those dealing with the vendor, that the property has changed hands, and the title passed from the vendor to the reputed vendee. This change, too, must be continuous, at least long enough to meet the spirit and object of the statute. *Claflin v. Rosenberg*, 42 Mo. 439 ; *Linton v. Butz*, 7 Barr, 89, cited approvingly in *How v. Taylor*, 52 Mo. 599 ; *Burgert v. Borchert*, 59 Mo. 80 ; *Wright v. McCormick*, 67 Mo. 423 ; *Stewart v. Bertstrom*, 79 Mo. 524 ; *State ex rel. v. Merritt*, 67 Mo. 426.

Applying the law to the facts of this case, this sale cannot be upheld as to the mules, horses, etc., left in Morelock's possession. There was no actual transfer of the possession, in the sense of this statute. There was no overt act. All that passed was merely words, and the act of plaintiff in going out and looking at the property for the purpose of identification. It does not appear that, even for one moment, there was any transfer of the possession, evidenced by any act evincing the exercise of dominion over the property by the plaintiff. So

far as the public was concerned there was nothing done to advise them of any change of dominion. It is true the horses and mules were fed in Roberts' stable on that day; but they were taken there and fed by Morelock, just as if no sale had been made. And thereafter he drove the teams home just as he had driven them into town; kept them in his own stable, ploughed and worked them just as he had hitherto done. In short, there was no outward act to advise the public, or any one dealing with Morelock, of any sale, transfer, or change of ownership. We make no question of the good faith of the transaction between the plaintiff and Morelock. There is nothing in this record to impeach its integrity. And but for the leniency and kindness of the plaintiff in thus indulging an unfortunate man his title would be impregnable. But the statute in question is imperative in its requirements, and there is no power in this court to temper it to the plaintiff's good intentions.

III. As to the spring-wagon, however, we are of opinion that the plaintiff is entitled to recover. The evidence shows that, in a day or two after the transaction in Holden, Roberts, on his own and plaintiff's behalf, went out to Morelock's home, in the country, and demanded the wagon. It was delivered over to him, and by him brought to town. This was an actual, open delivery. It passed bodily into the possession and control of plaintiff, and so remained for some days, when Morelock came to town and asked the loan of the wagon, for the purpose of carrying his family to the town of Warrensburg. While so held by Morelock it was seized by defendants under the attachment aforesaid. We think the transfer was sufficient, under the statute, to establish plaintiff's right of possession, as against these defendants. It would be an unreasonable and strange construction of this statute to hold that, after an actual, visible, and open transfer of the possession, continuing for days, that the vendee could not even lend the property temporarily to the vendor to

move his family, or to accommodate him, as was done in this case. Morelock, the borrower, after the sale and ·open delivery, continued as this was, was but a bailee, and his possession, at the time of the attachment, was that of the plaintiff.

As the case was not tried in conformity with this ·opinion, the judgment of the circuit court is reversed ·and the cause remanded. All concur.