CHARLES LEESER, Respondent, v. THEDA BOEKHOFF, Appellant.

**St. Louis Court of Appeals, December 24, 1889.**

1. **Practice, Appellate:** RES ADJUDICATA : SECOND APPEAL. When the sufficiency, or insufficiency, of evidence to support an issue has been once determined on the appeal of a cause, this determination is conclusive on a subsequent appeal of the same cause, if the evidence be substantially the same on both appeals.

2. **Law and Fact:** REASONABLE TIME. Whether the change of possession, required by Revised Statutes, 1879, section 2505, on the sale of personalty, has taken place within "a reasonable time, regard being had to the situation of the property," is, ordinarily, a question of fact for the jury.

3. **Practice, Trial:** FAILURE TO EXCEPT. An appellant is in no position to object to the refusal of the trial court to discharge a jury, for misconduct of one of the jurors, if no exception thereto, on his part, is shown by the record.

4. **Practice, Appellate:** NON-PREJUDICIAL ERROR. The admission of evidence, claimed to be incompetent, is not prejudicial, and is no ground for reversal of the judgment appealed from, when it is merely cumulative of other undisputed evidence, and the matter established by it is not seriously controverted.

5. **Evidence:** RES INTER ALIOS. A claim of statutory exemptions, made by an attachment defendant out of property levied upon under the attachment, is not competent evidence in a suit for the wrongful conversion of the property, brought against the attachment plaintiff by a third person, who claims the property as his own.

6. ———: COMPETENCY OF EVIDENCE OF A PARTY OR WITNESS AS SET FORTH IN A PRIOR BILL OF EXCEPTIONS. When a party and his witness are present in court, their testimony on a former trial, as set forth in a bill of exceptions, is not competent evidence against such party. (*Bogie v. Nolan*, 96 Mo. 85, *distinguished.*)

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Christian & Wind*, for the appellant.

The pretended sale was void because not accompanied by delivery and followed by an open, visible, notorious, unequivocal and continuous change of possession, exclusive as against Mrs. Gruhner. R. S. 1879, sec. 2505, as construed in : *Wright v. McCormick*, 67 Mo. 426 ; *Stern v. Henley*, 68 Mo. 262 ; *Stewart v. Nelson*, 79 Mo. 524 ; *Crane v. Timberlake*, 81 Mo. 431 ; *Knoop v. Dist. Co.*, 26 Mo. App. 303 ; *Seymour v. O'Keefe*, 44 Conn. 128 ; *Flanagan v. Wood*, 33 Vt. 338; *Iron Co. v. Bank*, 13 Atl. Rep. 303 ; *Weeks v. Prescott*, 53 Vt. 57 ; *Randall v. Parker*, 3 Sandf. 69 ; *Young v. Poole*, 13 Pac. Rep. 492. The action of the court, in refusing instructions offered by the appellant, was erroneous. *Seymour v. O'Keefe*, 44 Conn. 128 ; *Wright v. McCormick*, 67 Mo. 426 ; *Flanagan v. Wood*, 37 Vt. 338. The court should have instructed the jury that under the law and the evidence the plaintiff could not recover. *Wright v. McCormick*, 67 Mo. 426 ; *Stern v. Henley*, 68 Mo. 262 ; *Stewart v. Nelson*, 79 Mo. 524 ; *State to use v. Dist. Co.*, 26 Mo. App. 303 ; *Randall v. Parker*, 3 Sandf. 69 ; *Weeks v. Prescott*, 53 Vt. 57. Upon being notified that one of the jurors had entered a saloon in company with plaintiff, and there took a drink with him, and had then and there expressed his opinion of the proper verdict, although the court had not yet instructed the jury regarding the law, it was the duty of the court to withdraw the case from the jury, or at least to have made an investigation and reprimanded the juror. Thomp. Trials, sec. 2567 ; *State v. Upton*, 20 Mo. 398 ; *Paramore v. Lindsay*, 63 Mo. 67. The court should not have permitted Squire Hendricks to testify to the result of his examination of Mrs. Gruhner's books without producing the books in court. The fact that they were in the possession of the sheriff did not excuse their production. The court should have admitted in

Leeser v. Boekhoff.

evidence the claim of exemption made by Mrs. Gruhner. *Burgert v. Borchert*, 59 Mo. 87; *State to use v. Schneider*, 35 Mo. 533; *Dorroth v. Donnelly*, 38 Mo. 492. The court erred in excluding the testimony of Leeser, Mrs. Gruhner and Rasche, given at former trial, as preserved in bill of exceptions. *Coughlin v. Haeussler*, 50 Mo. 127.

*Lubke & Muench*, for the respondent.

The main questions raised upon this appeal were conclusively determined on the prior appeal of this cause. *Leeser v. Boekhoff*, 33 Mo. App. 223. The appellant is not in position to make the objection urged to the conduct of one of the jurors, she having saved no exception to the action of the trial court.

BIGGS, J., delivered the opinion of the court.

On the twenty-third day of February, 1887, the defendant in this case instituted an attachment suit against one Caroline Gruhner. In the attachment suit, Boekhoff claimed that Mrs. Gruhner was indebted to him, and that she had fraudulently conveyed her property for the purpose of defrauding her creditors. Under the writ of attachment Boekhoff caused a stock of groceries to be seized as the property of Mrs. Gruhner, and the goods were subsequently sold by the officer, and the proceeds, after deducting costs, were applied to the discharge of Boekhoff's debt.

The plaintiff in the present suit claims that the stock of goods, so levied on and sold, belonged to him, and he asked a judgment against the defendant for damages for the unlawful conversion of his property. The defendant in his answer denied that the plaintiff was the owner of the goods, and he averred that the plaintiff claimed to be the owner of the property, through a fraudulent purchase from Caroline Gruhner.

The defendant attacked this sale and alleged its invalidity as to him, for two reasons : *First*. The pretended purchase was fraudulent in fact and was contrived to defraud the creditors of Mrs. Gruhner. *Second*. The sale was inoperative and void as to the defendant, for the reason that there was no such change of possession, as would satisfy the interpretation placed by the supreme court on the first clause of section 2505, Revised Statutes, 1879. That portion of the statute, referred to, reads as follows : " Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor," etc. The case was submitted to a jury, and the plaintiff obtained a verdict for five hundred dollars, and the court entered judgment accordingly. The suit was originally against the defendant and the " Haase Fish Company," but, at the conclusion of the testimony, the plaintiff dismissed as to the " fish company." The defendant in due time moved the court to grant him a new trial, and, his motion having been overruled, he has prosecuted this appeal.

The defendant assigns numerous errors, and he presents many arguments why the judgment ought to be reversed. He complains chiefly of the action of the court in refusing to take the case from the jury; he also complains of the instructions, and the admission and rejection of evidence.

The case has been here before (*Leeser v. Boekhoff et al.*, 33 Mo. App. 223). When the case was before this court on the former appeal, the plaintiff had obtained a joint judgment against the defendant and the Haase Fish Company, as joint trespassers. The

dismissal of the case as to the "fish company" eliminates from the case all questions as to the fact of a joint trespass, and the joint liability of the original defendants therefor. On the former appeal, the defendant urged, as he does now, that the court ought to have declared as a matter of law, that the sale of the goods by Caroline Gruhner to the plaintiff was invalid for the reason that the evidence did not show such a change of possession as the law contemplated and required. The opinion of the court on the former hearing contains a full recital of all substantial facts, showing the extent to which this possession was open, notorious and unequivocal. This obviates the necessity of a restatement of the evidence by us, as our examination of the present record leads us to the conclusion that, on the last trial, the evidence bearing on this issue was not substantially different from that contained in the former record. There were some additional facts shown on the last trial by both parties, which had a tendency to strengthen their respective theories, but this additional evidence was merely cumulative, and is not of such a character as to authorize us to hold that there has been a material change in the evidence. However we are justified in saying that the plaintiff's evidence on the last trial was as satisfactory as that passed on by this court on the former hearing.

On the former hearing, Judge THOMPSON disposed of the objection now urged by the defendant as follows: "We have already recited the substantial facts showing the extent to which the change of possession was open, notorious and unequivocal, within the meaning of the statute. Certainly, several acts of possession were done by the plaintiff, of an unequivocal character. He took possession by his own agent, who had not previously been in the employ of his vendor. He also began the purchase of goods in his own name, having the goods billed to him and hanging the bills on a hook

openly in the store, and also informed them that he had succeeded to the business. The fact that he did not do the other things which he might have done, change the sign, the name on the wagons, and the revenue licenses, and the other circumstances of an equivocal character, already detailed, were matters for the consideration of the jury, but were not of such a character that we can separate them from the things which were done, tending to apprise the community of the change of possession, which the statute requires." From this it appears, that this court expressly held that the plaintiff's evidence, bearing on the circumstances attending the purchase, and the subsequent acts of the parties looking to a change of possession, were sufficient to carry the case to the jury, and it must now be held that the conclusion, arrived at then, must be the law in this case. What was there decided is not now open for discussion, and must be held to be *res adjudicata.* This question involved the only substantial defense made by the defendant, and, unless the court has committed error in the instructions, or has admitted or rejected evidence which was prejudicial to the defendant's case, the judgment will have to be affirmed.

On the trial the plaintiff asked, and the court gave, the following instructions, to-wit:

"Number 1. The court instructs the jury that in this state a debtor, even though insolvent, has the right to prefer one creditor over another; and if the jury believe, from the evidence, that the sole purpose of plaintiff in making the purchase in question was to secure payment or satisfaction of a debt, then due him from Caroline Gruhner, then the transaction is not affected by the fact that said Caroline Gruhner may have also been indebted to other creditors, or that the necessary effect of such purchase and sale may have been to hinder or delay such other creditors, provided the property so transferred and delivered to plaintiff,

upon a fair valuation thereof at the time of the delivery, did not exceed the debt actually owing from Mrs. Gruhner to him at said time.

"Number 2. The court further instructs you that, if you find the facts called for by the preceding instruction, and also believe, from the evidence, that within a reasonable time after the execution of the bill of sale read in evidence, regard being had to the situation of the property therein conveyed, the plaintiff took actual, exclusive, open, notorious and unequivocal possession of said property, and as called for in the instruction given for defendant, and thereafter continued in such possession to the date of the levy in question, and if you further find, from the evidence, that the defendant Boekhoff caused said property to be taken, or aided and abetted in the taking thereof, and to bring about the loss thereof to plaintiff, then your verdict should be for the plaintiff."

The court, on its own motion, gave the following instruction, to-wit:

"The court instructs the jury that, if you believe and find from the evidence, that the sale from Caroline Gruhner to the plaintiff was not accompanied by delivery and followed by a change of possession within a reasonable time, as stated and called for by the other instructions of the court, then said sale is void as against the defendant Boekhoff, even though you may find, from the evidence, that afterwards, and before the levy, such change of possession was made. And if you find, and believe, from the evidence, that such delivery and change of possession was not made within a reasonable time after said sale, as called for in the other instructions of the court, you should find for the defendant."

The defendant asked the court to instruct as follows:

"Number 1. Unless the jury are satisfied from the evidence that Charles Leeser had actual possession

of the goods in question; that the change in possession was visible, continuous and exclusive as against Caroline, such change of possession as to indicate to the public (purchasers) at large that Caroline Gruhner no longer had possession of or control over said goods, then said sale was fraudulent and void as against creditors, even though the jury believe, from the evidence, the sale from Caroline Gruhner to Charles Leeser was made in good faith and for a valuable consideration."

This instruction the court gave after striking out the word "public" and inserting "purchasers."

"Number 2. The court instructs the jury that, to render the sale valid, it was necessary that it should be accompanied by delivery within a reasonable time, regard being had to the situation of the property, and to be followed by an open, notorious, visible and unequivocal change of possession, such as to indicate to persons visiting such store, *at sight*, that the ownership had changed. And if the jury find that such delivery and change was not made, they must find a verdict for the defendant, notwithstanding they may believe and find from the evidence that the sale was *bona fide*."

This instruction the court gave, after striking out the words "at sight," and also striking all the second part and inserting in lieu thereof the following:

"And if the jury find, from the evidence, that such delivery and change of possession was not made within a reasonable time after the sale by Caroline Gruhner to the plaintiff, regard being had to the situation and character of the property, and not the mere convenience of the purchaser, then you must find a verdict for the defendant, even though you may also believe and find, from the evidence, that the sale was made in good faith."

The defendant also asked the court to instruct the jury that unless the sale was accompanied by delivery, and followed by a change of possession on or before the

day after the sale, then it was not done within a reasonable time; which instruction the court refused to give.

We can see no substantial objection to the instructions. Every phase of the case was presented to the jury in a way that was quite favorable to the defendant, and the instructions are in harmony with the adjudications in this state. The defendant's instructions, as asked, were calculated to mislead the jury, and the court was justified in refusing them.

The defendant asserts, as a matter of law, that a failure by a purchaser to take possession of property purchased within twenty-four hours will vitiate the sale, and that the trial court erred in refusing to so instruct the jury. The statute requires the possession to follow the purchase within a *reasonable time*. It is generally for the jury to determine what time would, or would not, be reasonable; it is impossible to formulate a definite rule on the subject; the question in each case must be determined by the circumstances attending the sale, and the character and situation of the property.

The defendant also assigns for error the refusal of the court to discharge the jury, when notified of improper conduct on the part of one of the jurors. Whether this action of the court was prejudicial to the defendant or not, we cannot stop to inquire for the reason that the record fails to show that the defendant excepted to the action of the court. Under well established rules of appellate practice, we are prohibited from passing on the question.

The court permitted a witness, who had examined the account between the plaintiff and Mrs. Gruhner, to state the balance due the plaintiff. The defendant objected to this evidence for the reason that the books were not produced. It appeared that the officer levying the attachment in the suit of the defendant against Mrs. Gruhner had seized the books and carried them away. It has been held that a witness, who has inspected the

accounts between parties may be permitted to testify as to a general balance, but will not be allowed to give evidence of the particular contents of the books. 1 Greenl. Ev. [14 Ed.] sec. 93. But, aside from this, the defendant was not prejudiced by this evidence, for the reason that the plaintiff and Mrs. Gruhner both testified to the amount of the indebtedness, and there was no countervailing evidence tending to prove that Mrs. Gruhner was not indebted to the plaintiff in the amount claimed. We do not gather from the record that this fact was seriously controverted by the defendant on the trial of the case.

The next assignment of error relates to a claim of exemption made by Mrs. Gruhner in the attachment suit. It appears from the defendant's offer of proof, that, some time after the goods had been seized under the attachment, Mrs. Gruhner filed a claim of exemption with the sheriff, in which she demanded a return of the property to her. The defendant offered this paper in evidence, and, on the plaintiff's objection, it was excluded. The authorities cited by the defendant in support of this assignment are to the effect that admissions and declarations of parties, while in possession of property, are to be regarded as verbal acts, and are received as explanatory of the nature of their possession. This rule cannot be applied to the act of Mrs. Gruhner in claiming a right of exemption in the property held under the attachment, for the simple reason, that she was not at the time in possession of the property. This assignment will have to be ruled likewise against the defendant.

And, lastly, the defendant complains of the action of the court in excluding the testimony of the plaintiff and Mrs. Gruhner at the former trial, which had been preserved in a bill of exceptions. We do not understand upon what principle this evidence could be held admissible. Such evidence must be placed in the

category of hearsay testimony. If the testimony of a deceased witness is thus preserved, it may be read in evidence. This forms the exception to the general rule. *Coughlin v. Haeussler*, 50 Mo. 126. All the witnesses in this case were alive and present in court. In the case of *Bogie v. Nolan*, 96 Mo. 85, the deposition of one of the parties was read in evidence, although the parties were present in court. The trial court permitted it to be read as an admission of the party, and the supreme court sustained the ruling and, in doing so, expressly overruled the case of *Priest v. Way*, 87 Mo. 16. There is quite a difference between the evidence of a party as preserved in a deposition and that contained in a bill of exceptions. The deposition is signed by the party and duly authenticated by an officer, and from it can be ascertained with certainty the extent and character of any declaration or admission; but this cannot be said of a bill of exceptions. We know of no rule of law which would authorize the testimony of a party or witness contained in a bill of exceptions to be received as independent evidence, except in cases coming within the exception stated. It has been held that an abandoned pleading, signed by an attorney professing to represent the party, may be read in evidence as an admission or declaration of the client. *Dowselot v. Rawlings*, 58 Mo. 75. But it is only, *prima facie*, admissible. The evidence of the attorney, that the party did not employ him in the case, renders the pleading incompetent evidence. *Anderson v. McPike*, 86 Mo. 293. We will have to rule this assignment against the defendant.

The judgment of the trial court will be affirmed. All the judges concur.