L. DYER *et al.*, Respondents, v. H. E. BALSLEY, Defendant ; T. P. BAILEY, Interpleader, Appellant.

St. Louis Court of Appeals, April 15, 1890.

1. **Sales :** DELIVERY AS AGAINST CREDITORS OF THE VENDOR. A mere symbolical delivery of personal property, without any outward or visible change of possession within a reasonable time, such as the nature and situation of the property admit of, will not constitute such a change of possession as the statute requires, as

against creditors of the vendor, especially when the vendor continues to sustain the same relation to the property in respect to its possession as before the sale.

2. ——— : ———. But the delivery is sufficient to satisfy the requirements of the statute, though the property sold remains in the building in which it was, if such building was until the time of sale the dwelling of the vendor, and if, at said time, the vendor not only delivers to the vendee a bill of parcels together with the key to the building, but also at once removes with his family from such building, and entirely divests himself of the possession thereof, surrendering the same to the vendee, who openly takes the exclusive possession of the premises.

*Appeal from the Greene Circuit Court.*—Hon. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Thrasher, White & McCammon*, for the appellant.

*F. S. Heffernan* and *Murray Bros.*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace by the plaintiff against the defendant Balsley. In this action Bailey filed an interplea, claiming to be the owner of four articles of personalty, levied upon by the constable, namely, one sofa, one rocker, one bedstead and one stand table. On trial anew in the circuit court, the court instructed the jury to find for the plaintiff on the issue made by the interplea. They so found, judgment was accordingly entered, and the interpleader appeals to this court.

The case seems to have turned entirely on the question whether there had been such an open, notorious and visible change of possession, as the statute ( Revised Statutes, 1879, section 2505 ) requires, to make a sale of chattels good as against creditors of the vendor. There was no dispute in the evidence. It showed that, in the

Dyer v. Balsley.

year 1886, the interpleader was in partnership in the furniture business with one Gilmore; that Gilmore and Bailey sold these goods to Balsley, the defendant in the attachment suit, on a credit; that Balsley, not having paid for them, they were, under some arrangement, some time in January, 1888, taken back *by Gilmore* for what remained due of the purchase money; that the goods were in a house in which Balsley was residing with his family; that Balsley gave Gilmore a list of the goods and a bill of sale, and, also, the key to the house, and told Gilmore to go and get them; that, on the following day, Balsley and family moved out of the house and left the state; that Gilmore, two or three days after he purchased the goods from Balsley, sold them to Bailey, and delivered the key of Balsley's house to him. This transaction took place in the store of Gilmore. It was a part of a transaction, by which a large lot of goods was sold and turned over by Gilmore to Bailey. The bill of sale from Gilmore to Bailey was dated January 14, and the goods were levied upon by the constable under the attachment against Balsley on January 18. This bill of sale included other articles of furniture, besides those for which Bailey has interpleaded, namely, a sewing machine, four cane chairs and an extension table. These other articles Bailey removed from Balsley's house to the store. The court refused to allow him to state why he did not take the others. Although he excepted to this ruling, he did not make any tender of evidence, so as to make it appear that his reasons for not doing so would have been at all material. Bailey went to Balsley's house the day before he took these goods to the store, to assure himself that the goods were all there, and he found that they were. There was no person in the house. The doors in the main portions of the house were all locked. Some of those in the back part were without locks, but were barred from the inside. The

constable, in making the levy, entered through a window. ·

Where there is no dispute about the facts, and they are of unequivocal import—such that fair-minded men could not draw different inferences from them—the question, whether there has been such a change of possession as satisfies the statute, is to be declared by the court. *Leeser v. Boeckhoff*, 33 Mo. App. 233. And, where it appears from the undisputed evidence that the change of possession was not such as the statute requires, the court should, as matter of law, declare the sale fraudulent. *Knoop v. Nelson Distilling Co.*, 26 Mo. App. 303; *Wright v. McCormick*, 67 Mo. 426; *Stewart v. Nelson*, 79 Mo. 524. In *Harmon v. Morris*, 28 Mo. App. 330, speaking with reference to a case where the property was movable, and easily susceptible of a visible change of possession, PHILIPS, J., said: "There must be an actual delivery, a substantial change of possession. No symbolical delivery will suffice as against third parties." In this view we concur, but it is not applicable to the case before us; for there the property, which was the subject of the controversy, was merely exhibited to the alleged vendee for identification, and then taken back by the vendor, and used by him as before. So, in *Wright v. McCormick*, 67 Mo. 426, where the subject of the alleged sale was a retail cigar store, and the delivery consisted of the delivery of a key of the store, there was no visible change of possession whatever; the store was kept open as usual; the same sign remained, and, after the sale, and before the attachment, the alleged vendor was frequently at the store, and participated in selling goods. In *Stewart v. Nelson*, 79 Mo. 524, the subject of the controversy was a lot of railway ties, and the evidence showed that, after the alleged sale, Bergstrom, the vendee, put a red dot on each of the ties, but it also appeared that the ties were left in possession of Aspland, a partner of Nelson, the same as before,

Dyer v. Balsley.

Aspland and Nelson being the debtors in the attachment suit, and the alleged vendors of the ties to Bergstrom, the interpleader. See, also, the facts which were the subject of consideration in *State to use v. King*, 44 Mo. 238, and *State to use v. Johnson*, 1 Mo. App. 219.

It may be collected from these authorities that a mere symbolical delivery of personal property, without any outward or visible change of possession within a reasonable time, such as the nature and situation of the property admit of, will not constitute such a change of possession as the statute requires, especially where the alleged vendor continues to sustain the same relation to the property in respect of its possession as before. The reason is that such a delivery of possession, although good between the parties, in no manner apprises the public that a transfer of title has taken place, but presents the case of a shuffling or concurrent possession, so productive of those frauds upon creditors and purchasers, against which the statute was leveled.

But the case before us does not fall within the principle of these decisions at all. Here Balsley, the vendor, delivered to Gilmore a bill of parcels, and, also, the key of the house, and afterwards left the house with his family, and thus divested himself of the possession, and placed Gilmore in the possession, as completely as the nature of the case admitted of, without Gilmore removing the articles of furniture from the house to his own store. Thereafter, there was no concurrent, shuffling or doubtful possession. The abandonment of the house by Balsley must have been an open and public occurrence, and the public were no doubt apprised of the fact. Gilmore's possession having thus become complete, open and exclusive, and Balsley's possession having become completely divested, it is immaterial to inquire whether Bailey, Gilmore's vendee, had or had not time to remove from the house

the articles which were levied upon, since, as against Balsley, he had the same possession as Gilmore had.

This case, it seems to us, is quite distinguishable from the case which would have been presented if the house in which the articles were stored had been vacant at the time of the sale from Balsley to Gilmore. In that case the change of possession by the delivery of the key would have been symbolical merely, and nothing would have occurred to apprise the public of it. Whether, in that case, there would have been such a change of possession as satisfies the statute, we need not speculate ; because the fact of Balsley's abandoning the house with his family, after the sale to Gilmore, and shutting the house up, was a divestiture of his possession sufficiently complete and public to satisfy the demands of the statute ; and the delivery of the key to Gilmore placed the goods within his exclusive dominion and control.

The judgment will be reversed, and the cause remanded. All the judges concur.