THE STATE *ex rel.* J. CUOMO, Appellant, v. NEWTON HALL *et al.*, Respondents.

Kansas City Court of Appeals, May 11, 1891.

1. **Fraudulent Conveyances :** CHANGE OF POSSESSION. The actual and continued change of possession required by the statute must be open, notorious and unequivocal, such as to apprise the community, or those accustomed to deal with the person, that the goods have changed hands, and that the title has passed out of the seller into the purchaser.

2. **Reasonable Time :** WHEN QUESTION FOR JURY OR COURT. What is a reasonable time is a mixed question of law and fact, which, under proper instructions of the court, ought to be submitted to the jury, except, *first*, where there are fixed and certain rules for its determination by the court, and, *second*, where the uncontroverted evidence so clearly proves the issue that there is really no question in respect to it to be submitted to the jury.

The State ex rel. Cuomo v. Hall.

3. **Fraudulent Conveyances**: DELIVERY OF POSSESSION: DEMUR-RER TO THE EVIDENCE. Where it appears from the undisputed facts of the case, that the sale was not accompanied by a delivery in a reasonable time, regard being had to the situation of the property, it is, under the statute, fraudulent and void, and the case is properly taken from the jury.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*P. Y. Brinton*, for appellant.

By section 5178, Revised Statutes, 1889, in making the change of possession, regard must be had to the situation of the property, and "a reasonable time is a question of fact for the jury." *Lesser v. Boekhoff*, 38 Mo. App. 445; *Dyer v. Balsley*, 40 Mo. App. 559; *Organ Co. v. Pettit*, 34 Mo. App. 536; *State to use v. Hellman*, 20 Mo. App. 304. Unless the evidence wholly fails to make proof of the essential averments of the petition, then it is error in the court to sustain a demurrer. *Noeninger v. Vogt*, 88 Mo. 589.

*James W. Boyd* and *Ben Phillip*, for respondents.

(1) A sale of personal property, unless followed by an open and visible change of possession within a reasonable time, regard being had to the situation of the property, is fraudulent as to creditors, and, there being no evidence of any change of possession of the stock from Vincent Cuomo to appellant, such as the law requires, the court did not err in compelling appellant to take a nonsuit. R. S. 1889, sec. 5178; *Claflin v. Rosenberg*, 42 Mo. 439; *Lesem v. Heriford*, 44 Mo. 323; *Bishop v. O'Connell*, 56 Mo. 158; *Wright v. McCormick*, 67 Mo. 426; *Stern v. Henley*, 68 Mo. 262; *Stewart v. Bergstrom*, 79 Mo. 524; *Knoop ex rel. v. Distilling Co.*, 26 Mo. App. 393; *Harmon v. Morris*,

28 Mo. App. 326 ; *Franklin v. Gumersell*, 11 Mo. App. 306. ( 2 ) Where it appears from the undisputed facts in the case that the change of possession is not such as the statutes require, the court should, as a matter of law, declare the sale fraudulent. *Stewart v. Bergstrom, supra ; Wright v. McCormack, supra*, and other cases cited above. ( 3 ) What is a reasonable time within which to effect an open and visible change of possession, there being no evidence of any change of possession, is a question of law for the court, and the court did not err in refusing to submit the question to the jury, whether or not appellant had a reasonable time, between the day of her alleged purchase of the stock levied on and the day it was seized by Hall, to make the necessary change. See cases above cited. *Dyas v. Hanson*, 14 Mo. App. 363 ; *Bank v. Caverly*, 7 Gray, 217 ; *Aymer v. Burr*, 7 Cow. 705 ; *Bank v. Broderick*, 10 Wend. 304 ; *Gough v. Staats*, 13 Wend. 549.

SMITH, P. J.—This was an action by the relator against the defendant, a constable, and the sureties on his official bond for damages. The abstract utterly fails to meet the requirements of rule 15 in that it sets out no part of the pleadings and nearly none of the evidence. Though the only question presented by the appeal for our consideration is as to the propriety of the action of the circuit court in withdrawing the case from the consideration of the jury by the giving of an instruction in the nature of a demurrer to the plaintiff's evidence, yet the abstract sets forth only a fragment of the evidence. It does not pretend to give all the material evidence adduced by the relator ; and were it not for the counter abstract of the defendants, and the admissions contained in their brief, we should feel it our bounden duty to dismiss the appeal.

As near as we can understand it, the relator, who was the only witness introduced, testified that on the twenty-sixth of September, 1889, she bought by her husband,

Vincent Cuomo, a stock of goods, consisting of candies, cigars, etc., of the value of $500 or $600. On the third day of October, 1889, defendant Hall, constable, levied upon and took possession of the stock of goods under an execution against the husband, Vincent Cuomo; that relator's said husband executed to her a bill of sale for said stock of goods on the day after her purchase; that there were no signs to change about the store; that everything remained as it was before she bought it; that she made no changes in the store because she had no time to do so before the levy was made; that her son, who had worked for his father in the store, was retained in her employ and continued in charge of it until it was closed; that the store remained in the same place, condition and in charge of the same person that it was before her purchase; that the same license remained on the walls; that no alteration was made in the sign, license, nor in any other respect; that the relator was at the store a great deal of the time after her purchase, and that her husband was constantly at the store before its sale, but never afterwards; that he followed the business of musician, and the son ran the store. The defendants interpleaded a demurrer to the evidence, which being sustained, the relator took nonsuit. From the judgment of nonsuit the relator has appealed.

I. The only question which is presented for our decision is, whether the court ought to have taken the case from the jury, on the ground that the undisputed facts failed to disclose such a change of ownership as satisfies the statute. R. S., sec. 5178. This statutory provision is that, "every sale made by a vendor, of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void as against creditors of the vendor, or subsequent purchasers in good faith," etc.

It has, again and again, been held by the appellate courts of this state, that the "actual and continued change of possession" required by this statute, must be open, notorious and unequivocal, such as to apprise the community, or those accustomed to deal with the person, that the goods have changed hands, and that the title has passed out of the seller into the purchaser. *Claflin v. Rosenberg*, 42 Mo. 439 ; *Bishop v. O'Connell*, 56 Mo. 158 ; *Wright v. McCormick*, 67 Mo. 426 ; *Ringert v. Borchert*, 59 Mo. 80 ; *Stewart v. Bergstrom*, 79 Mo. 524; *State v. Donnelly*, 9 Mo. App. 519 ; *Knoop v. Distilling Co.*, 26 Mo. App. 303 ; *Harmon v. Morris*, 28 Mo. App. 326. In *Claflin v. Rosenberg*, 42 Mo. 439, *supra*, Judge WAGNER, who delivered the opinion of the court, declared : "This must be determined by the vendee using the usual marks and evidence of ownership and occupying the relation to the thing sold which owners of property generally sustain to their property. There must be a complete change of the dominion and control over the property and some act which will operate as a divestment of the' title and possession from the vendor and a transference into the vendee * * *. It may not be essential or indispensable that the goods should be moved into a new or different house, but there must be some open, notorious or visible act, clearly and unequivocally indicative of delivery and possession, such as taking an invoice, putting up a new sign, or any other reasonable means which would impart notice to a prudent man, that a change had taken place. The statute provides that the change shall be actual and continued ; it must, therefore, be neither formal nor temporary." In this case some days elapsed between the sale and the levy, and yet, according to the testimony of the relator, no change of any kind had taken place in respect to the store at the time of the levy. It appears from the undisputed facts, that no such change of possession was made as the statute requires. But the relator contends that, under the statute, in making the

change of possession, regard must be had to the situation of the property and that a reasonable time is a question of fact for the jury.

The general rule is, that what is a reasonable time is a mixed question of law and fact, which under proper instructions of the court ought to be submitted to the jury. There are, however, two exceptions to this rule, *first*, where there are fixed and certain rules for its determination by the court ; and, *second*, where the uncontroverted evidence so clearly proves the issue that there is really no question in respect to it, to be submitted to the jury. In such cases the question may be treated as one of law and passed upon by the court without any encroachment on the province of the jury. *Skeen v. Engine Co.*, 34 Mo. App. 485 ; 1 Greenleaf, Ev., sec. 40 ; *Gammon v. Abrams, Adm'r*, 53 Wis. 323 ; *Johnson v. Agl. Co.*, 20 Mo. App. 100. The admitted facts of this case bring it within the latter of these exceptions. In our opinion, whether the seven days was a reasonable time in which to make the change of possession, regard being had to the situation of the property, was a question of law for the court. There was no disputed fact in the case for the determination of the jury. As it appeared from the undisputed facts of the case, that the sale in question was not accompanied by a delivery in a reasonable time, regard being had to the situation of the property, it was under the statute fraudulent and void, and hence the court did not err in declaring as a matter of law that the relator was not entitled to recover. *Lesser v. Boekhoff*, 38 Mo. App. 445 ; *Knoop v. Distilling Co.*, 26 Mo. App. 303 ; *Wright v. McCormick*, 67 Mo. 426 ; *Stewart v. Nelson*, 79 Mo. 524. If a husband can by a bare secret unrecorded bill of sale invest his wife with the title to his personal property and thus defeat the just claims of his creditors, then, indeed, the statute must be a vain and meaningless enactment.

The judgment must be affirmed. All concur.