FELIX GAMBREL, Appellant v. THOMAS H. HINES et al., Respondents.

Kansas City Court of Appeals, November 25, 1912.

EXECUTIONS: Sales: Personal Property. A short time before a levy on an execution was made on personal property, the judgment debtor executed a bill of sale for same to other creditors. The purchasers did not attempt to take possession, but suffered it to remain in the debtor's possession and be sold at public sale. The sheriff garnished the proceeds of the sale in the

hands of the clerk. The latter deposited them in court and the claimants filed interpleas. *Held*, that the question was one of fraud in law and not one of fraudulent intent, and the demurrer to interpleader's evidence should have been sustained.

Appeal from Holt Circuit Court.—*Hon. Francis H. Trimble, Judge.*

REVERSED AND REMANDED.

*H. B. Williams* and *W. E. Stubbs* for appellant.

Under this state of facts, interpleaders cannot recover in this action. R. S. 1909, Sec. 2887; R. S. 1909, Sec. 2861; Harmon v. Morris, 28 Mo. App. 326; Dyer v. Balsley, 40 Mo. App. 559; State ex rel. Cuomo v. Hall, 45 Mo. App. 298; The Huggins Cracker & Candy Co. v. Ellis & Co., 45 Mo. App. 585. A retention of possession by the vendor renders the sale void, and notice of such sale to a creditor is immaterial. Collins v. Wilhoit, 108 Mo. 451. There must be an actual delivery and change of possession. Halderman v. Stillington, 63 Mo. App. 212; State ex rel. v. Stone, 111 Mo. App. 364; Dyer v. Beasey, 40 Mo. App. 559. When personal property is sold, there must be a change of possession, and the change of possession must be open, notorious and unequivocal, in order that the sale may be valid against creditors. Bishop v. O'Connell, 56 Mo. 158; Wright v. McCormick, 67 Mo. 426; Stebbacher, etc., v. Saunders, 74 Mo. App. 475; Revercomb to use v. Duker, 74 Mo. App. 570; State ex rel. v. Goetz, 131 Mo. 675; State ex rel. v. Hall, 45 Mo. App. 298; State ex rel. v. Stone, 111 Mo. App. 364; Reynolds v. Beck, 108 Mo. App. 188. Sale of personalty, not followed by delivery to purchasers, with change of possession, is invalid as against creditors of sellers. The State to use v. Frank, 22 Mo. App. 46; Distilling Co. v. Furniture Co., 51 Mo. App. 1; Drug Co. v. White, 66 Mo. 24; Kirby v. Johnson, 22 Mo. 354. Interpleader knowingly consented to the property in question being advertised for

sale, as property belonging to the execution defendant, Thomas H. Hines. The execution creditor was induced thereby to cause said property to be levied upon, under execution, as the property of said execution defendant, and thereby incurring much cost and expense, and such being true, the interpleader is now estopped from setting up title to the property in question. State ex rel. v. Branch, 151 Mo. 622; Bright v. Miller, 95 Mo. App. 270; Spence v. Renfro, 179 Mo. 417; Layson v. Cooper, 174 Mo. 211; Riley v. Vaughn, 116 Mo. 169; McCain v. Alshire, 72 Mo. App. 390.

*John W. Stokes* and *J. B. Dearmont* for respondents.

A garnishee, to relieve himself of liability, must ask that all claimants be brought in and made parties, regardless of the amount claimed. Schawacker v. Dempsey, 83 Mo. App. 342. A debtor, whether solvent or insolvent, may prefer one or more of his creditors, and may by any suitable means appropriate his property to the payment of the just debts of one or more of his creditors to the exclusion of all others. Wood v. Porter, 179 Mo. 65; Black v. Epstein, 221 Mo. 309. Relationship and insolvency are not sufficient in themselves to establish fraud. The rule is that fraud must be proved and cannot be presumed. Black v. Epstein, 221 Mo. 309; Robinson v. Dryden, 118 Mo. 539. In garnishment proceedings the execution creditor acquires no greater right against the garnishee than was held by the principal debtor. If the execution debtor could not maintain an action against the interpleader herein, then the execution creditor of said execution debtor cannot. Brewing Co. v. Railroad, 145 Mo. App. 32; Johnson v. Pub. Co., 122 Mo. 104; Bank v. Hoppe, 132 Mo. App. 458.

BROADDUS, P. J.—Garnishment and interpleas. On the 15th day of January, 1907, Gambrel obtained a

judgment in the circuit court of Holt county against Thomas Hines for $56.08 and costs, the costs amounting to $125.95, making the total judgment $182.03. One or more executions were issued upon the judgment and returned *nulla bona*. The execution which has reference to the subject of this controversy was issued on the 16th day of January, 1909.

A short time prior to the issuing of this execution, Hines, the execution debtor, advertised certain personal property to be sold at the farm, upon which he was residing, at public sale, on the 19th day of January, 1909, in which advertisement he stated that he intended to remove from the State. On the day of sale, the sheriff of the county went to the farm mentioned to levy upon the personal property so advertised for sale as the property of Hines. It seems that there was to be other personal property than that of Hines also to be sold at that time. Upon arriving at the farm, the sheriff made his business known to Hines, whereupon Hines, to prevent injurious effect upon the sale, agreed with the sheriff that if the sheriff would not seize the property under the execution, that he (Hines) would leave in the hands of Fred Burnett, who was the clerk of the sale, enough of the proceeds derived from the sale of said property to satisfy the execution in the hands of the sheriff, and that the sheriff could seize said proceeds in lieu of, and as for the property itself. Whereupon, Hines, the sheriff and Burnett inspected the property, and Hines pointed out to Burnett the property from the sale of which the proceeds were derived, which said proceeds were seized by the sheriff under the execution in his hands, and which are the subject of this litigation.

In the morning of the day of sale, Hines executed a bill of sale of the property mentioned to Joseph G. Wilson, his father-in-law, and J. P. Hines, his brother, the consideration being an existing indebtedness.

Plaintiff had no notice of this bill of sale previous to the seizure of the property.

The funds having been garnisheed in his hands, Burnett asked leave to deposit them with the court, and for an order for claimants to interplead for the funds. Wilson and J. P. Hines filed their interpleas, and issue being made, the cause was heard by the court sitting as a jury.

The bill of sale was not recorded, nor was the property mentioned in the bill of sale pointed out to interpleaders at the time of the execution of said instrument, and no physical possession was taken by them. Both interpleaders were present, and Wilson was the auctioneer who cried the sale. They were not parties to the agreement made between the sheriff and the debtor, Hines, that the property should be sold and the proceeds held by Burnett, subject to seizure by the sheriff, as stated, and also to be held subject to garnishment.

At the close of the evidence the plaintiff offered a demurrer to interpleader's evidence, which the court overruled.

The plaintiff then asked the court to declare the law in the following language: "The court, sitting as a jury, declares the law to be that, although he may believe from the evidence in the case that interpleaders, Joseph G. Wilson and J. P. Hines, did in good faith purchase from Thomas Hines the property mentioned in evidence, yet if you further believe and find from the evidence that said property so purchased had never been actually delivered unto said purchasers prior to the levying of the execution mentioned in evidence, then and in that event such sale, if any, is void as to plaintiff, Felix Gambrel, and your verdict should be against the interpleaders and for plaintiff." The court refused the declaration and rendered judgment in favor of the interpleaders, and plaintiff appealed.

The contention of plaintiff is, that the sale of personal property to interpleaders was void as to creditors. Sec. 2887, R. S. 1909, provides that: "Every sale made by a vendor of goods and chattels in his possession or under his control, unless the sale be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith," etc.

This section was construed by this court, wherein it is held that in the case of a sale of goods, there must be an actual delivery—"a substantial change of possession." [Harmon v. Morris, 28 Mo. App. 326.] "A mere symbolical delivery of personal property, without any outward or visible change of possession within a reasonable time, such as the nature and situation of the property, admit of, will not constitute such a change of possession as the statute requires, as against creditors of the vendor, especially when the vendor continues to sustain the same relation to the property in respect to its possession as before the sale." [Dyer v. Balsley, 40 Mo. App. 559] And so it is held in State ex rel. v. Hall, 45 Mo. App. 299, and many other cases since determined.

There was no attempt made by interpleaders to take possession of the property in question. On the contrary, the property was suffered to remain in the debtor's possession after the sale in question, and was allowed, without objection or protest by vendees, to be sold by the auctioneer at public sale; Wilson, one of the interpleaders, being the auctioneer.

It is true, that as to the corn and household property, perhaps interpleaders did not have sufficient time to remove the same from the farm. But, as to the other property, it was subject to the immediate control of interpleaders had they seen fit to take it into their pos-

session. However, the evidence discloses that they did not intend to take possession of any part of the property at any time, but left it in the debtor's possession for the purpose of having it sold as his property.

It is insisted that the debtor has a right to prefer interpleaders, who were his creditors. This is true, but that fact does not place them in any better position than that of purchasers, as the same rule would apply in both instances.

The question is not one of fraudulent intent, but fraud as a matter of law. The plaintiff's demurrer should have been sustained. Reversed and remanded. All concur.