THE STATE OF MISSOURI *ex rel.* ZACHARIAH W. WRIGHT, Respondent, v. THOMAS H. CASTEEL *et al.*, Appellants.

Kansas City Court of Appeals, November 14, 1892.

1. **Fraudulent Conveyances:** DELIVERY. Plaintiff bought of one N. certain corn standing in the field in two pieces to be penned or thrown into piles as he might elect. He rode through both pieces and paid $25 on one and $60 on the other. After one piece was cut and partly shocked, it was all levied on under an execution against N. *Held*, the possession taken was as much as could be taken under the circumstances and in its situation. .

2. **Estoppel:** LEVY ON PROPERTY: CLAIM AS OWN: DEFENSE. Where one levies on property as the defendant's in the execution and buys it in at the execution sale, he cannot when sued by the purchaser of the defendant in the execution defend on the theory that he owned the property at the time of the levy.

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*John Welborn* and *William Aull,* for appellants.

*Wallace & Chiles & Blackwell,* for respondent.

ELLISON, J.—This action arose on substantially the following state of facts: Nelson was in possession of a tract of land, and an action of unlawful detainer was instituted against him by defendant. Defendant lost that case before a justice of the peace and appealed to the circuit court, where he obtained judgment of ouster. After Nelson's success before the justice of the peace, he planted a crop of corn on about ten acres of this ground, and his son put in about fifteen acres on the same tract. On the following September 3, defendant was successful before the circuit court, and obtained judgment of ouster with costs, and execution was issued and levied upon the corn crop, "part cut up," September 30. The Nelsons had before the levy, on September 11, sold the corn to plaintiff. When the levy was made, plaintiff claimed it by affidavit, etc., as provided by statute, and the sheriff before proceeding further demanded and obtained an indemnifying bond of plaintiff in that suit, defendant here, and this action is on that bond. Plaintiff recovered, and defendant appeals. The chief contention here is whether there was a legal statutory sale of the corn before the levy of the execution, and that is made to turn principally upon whether there was a delivery of possession to plaintiff. Plaintiff bought the corn at $1.50 per barrel while it was standing in the field. It was to be penned or pulled and thrown in piles between the rows

as plaintiff might elect. He rode through both pieces, and paid to Samuel Nelson $25, and to John $60, before the levy. All of Samuel's was cut down, and some of it was shocked before the levy. It does not appear whether anything had been done towards consummating the sale of John's part, more than riding through it and paying $60.

The question as to whether there had been a delivery, regard being had to the situation of the corn, was submitted to a jury, under proper instructions, and the finding was very properly for the plaintiff. There certainly was as much possession taken of this property before the levy as could be well done under the circumstances and in its situation.

We can see no ground for complaint of plaintiff's second instruction under the position in which defendant places himself. That instruction puts the right and title to the corn in the Nelsons, although they may have been in the unlawful possession of the land upon which they raised it. Defendant cannot complain of this for he has treated the corn as Nelson's by levying his execution thereon. He has not claimed the corn as his, as being a part of the land, and that it was turned over to him by his writ of possession with the land. He has adopted the claim of the Nelsons by levying his execution thereon to make a debt against them.

We have noticed other points made by defendant, but think them untenable. The verdict and judgment could hardly have been otherwise than it is under the case made.

Judgment affirmed. All concur.