EMMA SNYDER et al. v. WILLIAM ARN and T. B. WALLACE, Guardian of MENIA ARN; WILLIAM ARN, Appellant; and WALLACE, Respondent.

Division Two, March 14, 1905.

1. **PARTITION: Plaintiffs Without Interest: No Appeal.** Where the court decreed that the plaintiffs in partition had no interest in the land, and they did not appeal, the decree as to them is final, and the appellate court has nothing to do with them.

2. ————: ————: **Adjusting Equities of Defendants: Fraud.** Where the decree of the court is that plaintiffs have no right to participate in the partition of the real estate, and there is nothing left in the case but a controversy between the defendants as to whether a deed made by one of them conveying the land to the other was obtained by fraud and false representations,

in which controversy the plaintiffs have no interest, the court has jurisdiction to hear and determine that controversy, if the pleadings will support its findings.

3. **SETTING ASIDE DEED: Feeble Mind: Sufficient Pleading: Fraudulent Representations.** The cross-bill of a mother charged that her signature to a deed conveying her land to her son was obtained by false and fraudulent representations to her that the paper signed was a lease, and that it was without consideration. *Held*, that this allegation was a sufficient basis for the decree setting aside the deed, and that a finding that she never read or heard read the deed, that she was of feeble-mind, and that her demeanor and answers in court indicated that fact, was sufficient evidence to support the allegation.

4. **PARTITION: Death of Respondent: Substitution of Heirs.** Where after judgment in partition, a guardian has been appointed for a successful feeble-minded defendant, and on appeal by another defendant the judgment declaring her to be the sole owner of the land is affirmed, and after the cause is submitted her death is suggested, her heirs who were originally plaintiffs in the partition suit will be substituted in lieu of her guardian as respondents, against the other defendant, who controverted her right to the property as appellant.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Wilkinson & Wilkinson* for appellant.

(1)    Plaintiffs' amended petition does not state a cause of action; under the will of Cornelius Arn his widow took the fee.   Allen v. Claybrook, 58 Mo. 124; Small v. Field, 102 Mo. 104; Holder v. Holder, 59 N. Y. Supp. 204, 40 App. Div., 255; Clark v. Leupp, 88 N. Y. 228; Brown v. Perry, 64 N. Y. Supp. 402; In re Cressler's Estate, 161 Pa. St. 427; Talbot v. Hammil, 151 Mo. 292; Balliet v. Veal, 140 Mo. 187.   (2)   Having found against plaintiffs, the court erred in then proceeding to determine the validity of the deed from Menia Arn, defendant, to her codefendant.   The answer of Menia

Arn is bad for multifariousness. Defendant's motion to strike out allegations of fraudulent representations should have been sustained. Barr v. Cubboge, 52 Mo. 404; Cheely v. Wells, 33 Mo. 106; Linney v. Martin, 29 Mo. 28; Stuecup v. Turner, 26 Mo. 72. (3) There was a misjoinder of causes of action presented by Menia Arn's answer. The cause of action set out in the petition is statutory; the interest of the plaintiffs, if any, is a legal interest. The interest of the defendant, William Arn, is a legal interest. The interest of the defendant, Menia Arn, if any, is purely equitable. She can not obtain equitable relief against her co-defendant. (4) Evidence of undue influence is not admissible where the pleadings do not charge undue influence. Bush v. Bush, 87 Mo. 480. A party can not state one cause of action or defense and recover on a different one. He must stand on the case as made by his pleadings. Hollman v. Lange, 143 Mo. 100; Crawford v. Altman, 139 Mo. 262; Weil v. Posten, 77 Mo. 284; Chapman v. Callahan, 66 Mo. 299. (5) Under the pleadings in this case no evidence of mental incapacity, undue influence or duress should have been admitted or considered. A party is precluded from making proof of a matter not pleaded. Bush v. Bush, 88 Mo. 480; Chitty v. Railroad, 148 Mo. 64; Marty v. Rood, 144 Mo. 397; Field v. Railroad, 76 Mo. 614; Steinberg v. Insurance Company, 49 Mo. App. 255. A court of equity can set aside a deed when procured by fraud or undue influence, but the fraud or undue influence must be charged in the petition, and not only charged, but proved as alleged and charged. Taylor v. Crockett, 123 Mo. 300; Rogers v. Ramey, 137 Mo. 598; Cox v. Esteb, 68 Mo. 110; Turner v. Turner, 44 Mo. 535. There is no issue of undue influence, mental incapacity, or duress in this case. None of these is pleaded. And the burden of proof is on the grantor to prove the particular fraud alleged in the petition. Brown v. Fickle, 135

Mo. 405; Jackson v. Wood, 88 Mo. 76; Kehoe v. Taylor, 31 Mo. App. 588; Clough v. Holden, 115 Mo. 336. And the evidence to sustain the charge of fraud should be clear and unequivocal. There should be no reasonable doubt as to the facts relied on. Johnson v. Quarles, 46 Mo. 423; Ringo v. Richardson, 53 Mo. 385; Worley v. Dryden, 57 Mo. 226; Brown v. Foster, 112 Mo. 297. If one has love and affection for another growing out of kindred relation, such party may urge and receive a gift of property and the law will not say that it was obtained by undue influence. Thompson v. Ish, 99 Mo. 160; Jackson v. Hardin, 83 Mo. 175; Meyers v. Hauger, 98 Mo. 433. Fraud, when applied to the acquisition of property, usually means a deception practiced on another, whereby he is induced to part with his property or surrender some right therein. Thompson v. Cohen, 127 Mo. 215; Ordway v. Ins. Co., 35 Mo. App. 426. While actual fraud is claimed in the petition, there was no evidence of any fraud. Where it is sought to set aside an instrument on the ground of fraudulent representations, the court must be satisfied from the clearest evidence that the fraudulent representations were made, and made with intent to mislead, and made under such circumstances as to show that the contract was founded on them. Wannel v. Kem, 57 Mo. 150; Bailey v. Schmack, 61 Mo. 213; Dunn v. White, 63 Mo. 181. There must be fraud as distinguished from mere mistake. A court of equity will not relieve against a mistake of law. Anderson v. McPike, 86 Mo. 293; Joliffe v. Collins, 21 Mo. 338; Pomeroy's Equity, 843; Paine v. Jones, 75 N. Y. 593; Price v. Estell, 87 Mo. 378. (6) The consideration for the deed was ample. Cutts v. Young, 147 Mo. 587; Keithley v. Keithley, 85 Mo. 217; Pennington v. Stanton, 125 Mo. 658; Hatcher v. Hatcher, 139 Mo. 614. The whole transaction was fair and equitable and should be upheld. McKinney v. Hensley, 74 Mo. 217; Hatcher v. Hatcher, 139 Mo. 614.

*John G. Schaich, Jr.,* and *Wallace & Wallace* for respondent.

(1) The court had jurisdiction to determine the validity of the deed in question. The appellant, William Arn, set up this deed and claimed under it in his answer, and his codefendant sought by her answer to have it set aside. The validity and effect of the deed was an issue in the case, and the court was possessed of the whole case and had jurisdiction to pass on it. Hamilton v. Armstrong, 120 Mo. 598; Thompson v. Holden, 117 Mo. 118; Holloway v. Holloway, 97 Mo. 639; Savings Inst. v. Collonious, 63 Mo. 290; Spitts v. Wells, 18 Mo. 468; Stuart v. Caldwell, 54 Mo. 536; 17 Am. and Eng. Ency. Law (1 Ed.), 739. "An action for partition may be united with a bill to set aside and cancel deeds to the property." Hamilton v. Armstrong, 120 Mo. 597; Thompson v. Holden, 117 Mo. 126. The partition suit under our practice is both a legal and an equitable action. Holloway v. Holloway, 97 Mo. 639; Savings Inst. v. Collonious, 63 Mo. 290; Spitts v. Wells, 18 Mo. 468; Stuart v. Caldwell, 54 Mo. 536; 17 Am. and Eng. Ency. Law (1 Ed.), 739. (2) The sole contention of the defendant, William Arn, upon the merits of the case is that in her answer Menia Arn seeks to avoid the deed upon the ground that it was procured by fraudulent representations upon the part of William Arn as to the contents, nature and legal effect of the instrument, and that William represented to her that it was a lease of the farm during her life and she signed it, believing that it was such an instrument and not knowing that it was a deed conveying the fee simple title; and that the evidence does not sustain the case thus stated. It should be borne in mind that William in his answer first sets up and relies upon the deed, claiming to have acquired title thereunder from his mother since the commencement of this suit, and makes the deed part of his answer in the case. This

pleading and the deed itself show the confidential relation between the parties—that of mother and son—and the deed (prepared by William) stating that it was made "in consideration of the care, kindness and affection of my son, William Arn, in providing for me, the said Menia Arn, and managing my estate up to this time." It was in answer to this pleading that Menia Arn set up the fraud. Under these circumstances the burden was upon William to prove that there was no advantage taken; that there was no unfairness; that there was an adequate consideration; and that the fullest explanations were made to his mother as to the nature and contents of the instrument; and not upon the mother to prove a case of fraud, as in case of parties dealing at arm's length. Ilgenfritz v. Ilgenfritz, 116 Mo. 438. That there were relations of confidence and trust existing between the mother and son is clearly shown by the deed itself, which William incorporated in his answer, for it is upon the express consideration of William's kindness and affection and the fact that he had managed her estate up to this time. The law relating to a deed made between parties sustaining the relation above shown is well settled in this State. Cadwallader v. West, 48 Mo. 483; Stout v. Goss, 62 Mo. 226; Garvin v. Williams, 44 Mo. 465; Rankin v. Patton, 65 Mo. 378; Bradshaw v. Yates, 67 Mo. 221; Ilgenfritz v. Ilgenfritz, 116 Mo. 436; Rothenbarger v. Rothenbarger, 111 Mo. 1; Ryan v. Ryan, 174 Mo. 280. (3) Mrs. Arn's weak mental condition is another fact so obvious and apparent that the court can not help from observing it and taking it into consideration. Of course, Mrs. Arn did not plead her own infirmity of mind; that would have been a proper plea if her heir or guardian had brought a proceeding to avoid the deed; but such a plea on her part would have been improper and a just ground of suspicion as to her good faith in the suit. But no one can read her testimony without being impressed with the fact and it is a cir-

cumstance which can not be eliminated from the case. Cadwallader v. West, 48 Mo. 483.

GANTT, J.—In the year 1880 Cornelius Arn died leaving an eighty-acre farm in Jackson county, Missouri. By his last will he devised all of his property, real and personal, to his wife, Menia Arn, "to have and to use for the benefit of herself and my children as hereinafter provided." The will contains but one other clause, which appoints Ferdinand Arn, a brother, "as executor of this my will and also guardian for my children, who shall hold, use, and control all of my property and effects as stated in this will." Six children — four daughters and two sons — survived the father; one son died before he became of age.

After all the children had become of full age, the widow, Menia Arn, and the four daughters brought suit for the partition of the eighty acres, making William Arn, the only son, defendant. The suit was brought on the theory that the mother, Menia Arn, and her children, by virtue of the will, became tenants in common. The suit was commenced in March, 1901. At that date William Arn, the son, was in possession of the farm, renting it from his mother. The mother lived in a house on the farm. After the suit was brought Mrs. Menia Arn conveyed the land to William Arn, her son, and thereafter was made a defendant instead of plaintiff in the partition. The plaintiffs thereupon filed an amended petition.

On April 17, 1901, Menia Arn filed an answer alleging that by the will she took a fee simple to said lands, and since the filing of the suit had conveyed all of her interest to her son William Arn, but that the conveyance was obtained by fraud. William Arn in his answer claimed the entire land by deed from his mother. On the trial the evidence disclosed that the farm in dispute had been purchased with the proceeds of the sale of Mrs. Menia Arn's property in Ohio.

The circuit court held that Mrs. Arn under her husband's will took a fee simple, and held that plaintiffs were not entitled to partition. From that finding and judgment plaintiffs, the daughters, did not appeal, and thus the partition suit was finally decided, but the circuit court then proceeded to determine the validity of the deed from Menia Arn to her son, William, and decreed that the deed was null and void and that Mrs. Menia Arn had an absolute fee. From that decree William Arn appeals to this court.

As the main contention on this appeal is that the *answer* of defendant Menia Arn is insufficient to sustain the decree of the circuit court, it becomes necessary to reproduce it. It is as follows:

"Comes now the defendant, Menia Arn, and leave of court having been first obtained to withdraw all answers heretofore filed by her in this cause, for her separate answer to plaintiffs' amended petition, says:

"That defendant, Menia Arn, admits all of the allegations in plaintiffs' amended petition contained.

"Further answering defendant says that heretofore and on the fourteenth day of March, 1901, and prior to the commencement of this action, this defendant by power of attorney, duly executed, did appoint John G. Schaich, Jr., her attorney-in-fact, to act for and to represent her in the matter of the partition of the property described in plaintiffs' petition; that thereafter and on the twentieth day of March, 1901, the above entitled cause was filed in this court by the Hon. W. B. Teasdale and John G. Schaich, Jr., on behalf of Menia Arn, Emma Snyder, John Snyder, Maggie Hopkins, Landrum Hopkins, Flora Sells, George Sells, and Lydia Arn, plaintiffs, against William Arn, defendant, praying for the partition of the property described in plaintiffs' petition.

"That thereafter defendant William Arn procured Menia Arn's signature to a notice, which was served on her said attorney-in-fact, notifying him that his au-

thority to appear for her in said cause was thereby re-
voked, and further notifying him that she did not wish
to continue as a plaintiff in said partition suit; that
defendant's signature to said notice was procured by
said William Arn, by false and fraudulent representa-
tions on his part as to the contents, nature and legal
effect of said notice; that this defendant was not ac-
quainted with the contents of said notice and it was not
her desire or intention that the authority given to her
said attorney should be revoked, and it was not her
desire or intention that her name be stricken from the
docket as a party plaintiff in said partition suit, but
defendant avers that she at all times desired the parti-
tion of said property as prayed for in plaintiffs' peti-
tion.

"That thereafter, and on the ninth day of April,
1901, a motion was filed in this court before Hon. John
W. Henry, asking the court to strike this defendant's
name from the docket as party plaintiff; that said mo-
tion was by the court sustained and this defendant's
name was stricken from the docket as a party plaintiff,
and she was, by order of the court, made a party de-
fendant; that said motion was filed without authority
given on this defendant's part, and without her knowl-
edge and consent, and defendant's signature to said
motion was procured by false and fraudulent represen-
tations made by the defendant William Arn, as to the
contents and legal effect of said motion; that this de-
fendant has at all times been ready and willing that
said property be partitioned according to law.

"Defendant further answering says that on the
sixth day of April, 1901, defendant William Arn pro-
cured the signature of this defendant to the paper set
up in William Arn's answer and purporting to be a
deed transferring her interests in said property de-
scribed in plaintiffs' petition to the defendant William
Arn; that said signature to said paper was procured
by false and fraudulent representations to this defend-

ant on the part of said William Arn, as to the contents, nature, and legal effect of said paper; that said William Arn, at the time of the signing of said paper by this defendant, represented to her that the paper signed was, in substance, a lease of the property described during Menia Arn's lifetime, and that said William Arn was to support this defendant during her natural life; that by reason of said false representations this defendant was led to believe that the paper she signed was in the nature of a lease of said property, and did so believe until informed and advised by her counsel of the nature and legal effect of said paper; that said purported transfer of said property was wholly without consideration.

"Wherefore, defendant Menia Arn prays the court that said so-called deed made by this defendant to William Arn be set aside and for naught held, and that this defendant be adjudged to be entitled to a one-sixth interest in said property, and that said land described in plaintiffs' petition be partitioned as therein prayed for."

To this pleading William Arn filed a supplemental answer in which he alleged the conveyance of said land by Menia Arn to himself, on the sixth day of April, 1901, and that thereby he became the owner in fee of said lands.

"And said defendant for additional and supplemental answer to, and in response to the separate answer of his codefendant Menia Arn, denies each and every allegation therein contained.

"And he especially denies that by false and fraudulent representations he procured her signature to the notice revoking the power of attorney therein mentioned, and likewise that said codefendant was not acquainted with the contents of said notice; and likewise denies that the motion to strike said codefendant's name from the petition as party plaintiff was without authority of said codefendant, or was without her au-

thority or consent or that her signature thereto was procured by false and fraudulent representations of this defendant.

"Said defendant also especially denies that by false and fraudulent representations he procured the signature of his codefendant Menia Arn to the deed dated April 6, 1901, conveying to him the eighty acres of land sought to be partitioned.

"He denies that he made any false or fraudulent representations to her as to the contents, nature or legal effect of said deed, and denies that at the time of signing said deed, or at any other time, he represented to her that said deed was a lease, or in substance a lease of said property for any time whatever, or that it was in any manner or effect other than it actually is. He states that at, and before the time of the execution of said deed, said defendant well knew the contents and legal effect thereof, and that said conveyance was voluntary on her part and for the valuable consideration therein named.

"Having fully answered, defendant prays judgment that the petition and the answer of his codefendant be dismissed and for his costs and for all proper relief."

I. It is asserted by appellant, William Arn, that the partition suit was statutory; the interest of plaintiffs legal, if anything; and the interest of defendant William Arn legal, and therefore the court could not decree equitable relief to his mother. It is plain that we have nothing whatever to do with the original plaintiffs, the daughters, who began the suit for partition. The circuit court decided they had no interest in the lands and from that decree they have not appealed. The question presented is whether Mrs. Menia Arn had the right to have the court adjudicate her equitable right as against him in this proceeding.

That this is a clear departure from the regular

course of procedure is obvious. The plaintiffs who brought this suit have no interest whatever in the dispute between Mrs. Arn and her son as to the conveyance by the former to the latter. If Mrs. Arn had a fee simple in the land, plaintiffs had no title, and no right to a partition. If Mrs. Arn, having a fee simple, had conveyed it to her son, still plaintiffs had no interest in the land and no right to a partition, and so the circuit court held and found against plaintiffs, from which finding they have not appealed.

But counsel for Mrs. Arn insist that an action for partition may be united with a bill in equity to set aside and cancel deeds to the property—citing Hamilton v. Armstrong, 120 Mo. 597. That case, however, was a case in which the plaintiff and his sister, who was made defendant, were interested in cancelling a deed made by the brother under whom they each claimed. In that case the plaintiff remained an interested party throughout the litigation, as against the grantees of his brother, and no one doubts that an equitable partition may be made under our laws notwithstanding the statutory proceedings.

The rule was correctly stated in Thompson v. Holden, 117 Mo. l. c. 126, by Judge MACFARLANE:

"It is the settled practice in this State that adverse and conflicting interests may be contested and settled under the statutory proceedings for the partition of land . . . unless excluded from so doing by the adverse and exclusive possession of other claimants. [Holloway v. Holloway, 97 Mo. 633.]"

Those cases do not reach the trouble here. Here the partition suit was at an end and practically dismissed. The plaintiffs who had brought the defendants into court no longer had any interest in the action, but practically a new action has become engrafted on the original partition suit, to-wit, a controversy between the defendants, not as to a partition of the land, but an answer in the nature of a cross-bill in equity

to cancel a deed by one defendant, Mrs. Arn, to her codefendant, William Arn.   Each was claiming exclusive title to the property as against each other only, and the plaintiffs and the latter had no interest whatever in the litigation between them after the court held the will gave the mother a fee simple.

Under the old chancery practice the rule was well settled where the plaintiff had an admitted title to a moiety or aliquot part, and the defendants had a dispute among themselves as to the remainder.   In such case the partition was confined to the right of the plaintiff and *to that of defendants considered aggregately,* and the defendants were remitted to a court of law to settle their conflicting claims, but this is not that case.

Here plaintiffs were adjudged to have no rights to partition, and there was nothing left but a controversy between two defendants in which the actors in the litigation had no concern whichever way it might result.

We are referred to the familiar doctrine that when a court of equity once acquires jurisdiction it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice.   [Savings Inst. v. Collonious, 63 Mo. 290; Stewart v. Caldwell, 54 Mo. 536.]

While it is true Mrs. Arn could have defeated the partition and then brought her suit in equity against her son, does it follow that we should reverse the decree of the court because the controversy originated in a partition suit?   The statute expressly provides (sec. 4389, R. S. 1899) that "whenever it shall appear in any proceeding in partition that there are parties claiming the same portion *adversely to each other,* the court may either decide such adverse claims, or, in its discretion, direct the share or shares so in controversy to be set off and allotted, subject to the claims of the parties in controversy against each other."   This section has met the approval of this court in Holloway v. Holloway, 97 Mo.

628. And this was the practice in chancery before our partition act was passed. [German v. Machin, 6 Paige's Ch. l. c. 290 and 291; Mitford on Chcy. Pl. (3 Am. Ed.), 81; Morenhout v. Higuera, 32 Cal. 293-4; De Uprey v. De Uprey, 27 Cal. 335; Bollo v. Navarro, 33 Cal. 459.]

When it is considered that the circuit court in which the partition suit was brought is a court of general jurisdiction in law and equity; that it had jurisdiction of the parties and the subject-matter; that Mrs. Arn and her son each asserted title against the other, we have no doubt whatever of the jurisdiction of the court to determine the controversy thus raised by the pleadings and that a court of equity will not drive them out to litigate this matter again merely because the issue arose in a partition suit brought against them. [17 Am. and Eng. Ency. Law (1 Ed.), 739.]

II.   It remains then only to determine whether the pleadings *inter sese* will support the decree. It is insisted that the answer or pleading of Mrs. Arn, in the nature of a cross-bill, did not allege undue influence and mental incapacity, and therefore the court was not justified in decreeing that her deed to her son be set aside and annulled. The answer of Mrs. Arn charges "that on the sixth of April, 1901, defendant William Arn procured the signature of this defendant to the paper set up in William Arn's answer and purporting to be a deed transferring her interest in said property described in plaintiff's petition to defendant William Arn; that said signature was procured by false and fraudulent representations to this defendant on the part of William Arn as to the contents, nature and legal effect of said paper; that said William Arn at the time of signing of said paper by this defendant (Menia Arn) represented to her that the paper signed was, in substance, a lease of the property described during Menia Arn's lifetime and that said William Arn was to sup-

port defendant during her natural life; that by reason
of the said false representations, the defendant Menia
Arn was led to believe that the paper she signed was in
the nature of a lease of said property and did so believe
until informed and advised by her counsel of the nature
and legal effects of said paper; that said purported
transfer of said property was wholly without consid-
eration.   Wherefore defendant Menia Arn prays the
court that said so-called deed made by this defendant
to William Arn be set aside and for naught held,'' etc.
The defendant William Arn tendered a direct issue on
the above allegation, specifically denying the false and
fraudulent representations.

The deed on its face recited the consideration to be
one dollar and love and affection and the further ''con-
sideration of the care, kindness, and affection of my
said son William Arn in providing for me, the said
Menia Arn, and managing my estate up to this time and
the further promise and undertaking of said William
Arn and his wife to care for, maintain and support me
during the remainder of my natural life, and to pay
my funeral expenses and to provide a suitable resting
place for my body after my death.''

Without recapitulating the testimony, a reading of
it must compel any unbiased mind to the conclusion
that Mrs. Menia Arn at the time of the execution of
the deed was feeble in mind and susceptible to the
influence of those who desired to control her.
This is evidenced by the fact that at the first she
was ready to waive her fee simple right to her land
and join her daughters in a partition which would give
her only a sixth and deprive her of her homestead, but
as soon as the daughters were gone and William gained
her ear, she was ready to give and did repudiate the
power of attorney to her attorneys who brought the
partition suit, and permitted William to have his law-
yers prepare the deed to the whole farm to him for
no other consideration than his promise to care for her

the remainder of her life when at the time she had her own home and the rents were amply sufficient to maintain her in comfort. In a word she was susceptible to the influence of any one who chose to direct her action. The learned circuit court found that "her demeanor in the court room and on the witness stand indicated an unmistakably weak mental condition, to such an extent, that any suggestive question put to her always brought forth the required answer and of the most contradictory character."

The circuit court found, and we think his finding. was amply sustained by the testimony, that "her deed to William was never read to her and was executed under such circumstances that it must be pronounced void in any court of justice." So impressed was the judge with the mental incapacity of Mrs. Arn that he suggested to counsel that a guardian should be appointed by the probate court to manage her estate and preserve her property, and if this were not done he would do so himself. Accordingly this was done and Mr. T. B. Wallace was appointed and represents Mrs. Arn as her guardian in this court. If the old equity maxim that the courts of equity are the guardians of minors and all persons found incapable of protecting themselves has not lost its potency, surely this is a proper case for the exercise of that jurisdiction. We think the evidence fully sustains the allegation that Mrs. Arn did not understand she was making an absolute conveyance of her land to William; that she was advised it was a lease only; that she never read nor heard the deed read and that the allegations of fraudulent representations were a sufficient basis for the decree of the chancellor.

Since the submission of this cause in this court on the twenty-seventh day of February, 1905, Mrs. Menia Arn departed this life, and thereupon upon due notice Lydia Arn, Maggie Hopkins, Emma Snyder and Flora Sells, all the heirs at law of said Mrs. Menia Arn, save

and except the defendant William Arn, suggested the death of their said mother and asked to be substituted as parties to this cause in lieu of T. B. Wallace, her said guardian, which motion is sustained, and said cause is revived in their names, as respondents, against William Arn, appellant. For the reasons assigned the decree of the circuit court is affirmed.

All concur.