IDA CHAMBERLAIN et al. v. WAPLES et al.; McEVOY, Appellant.

Division Two, January 31, 1906.

1. PARTITION: Right to Possession. To maintain the action of partition the parties seeking such partition must have either actual or constructive possession. It is not a suit to try the title or to settle the right to a disputed possession. If parties joined as defendants are in actual possession, claiming the entire estate adversely to plaintiffs, partition to determine the title can not be maintained. And if that is the real purpose of the suit, the contention, in a suit which is clearly one for partition, that the prayer for a partition is a mere incident of the suit to ascertain and determine the titles and interests of the parties, is untenable.

2. ———: ———: Decree. A decree in partition can not award a writ of ouster against one of the defendants in actual possession who claims adversely to the coparceners, and for that reason partition is not maintainable where there is adverse possession.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*John F. Glennon* and *Roland Hughes* for appellant.

(1) This is a partition suit and McEvoy being in the undisputed possession of that part of the land described in his answer, claiming the same adversely to all the other parties to the suit, the question of his title could not be tried in this case. Lambert v. Bloomer, 26 Mo. 471; Shaw v. Gregoire, 41 Mo. 407; Holloway v. Holloway, 97 Mo. 628; Estes v. Nell, 140 Mo. 639; Houston v. Houston, 139 Mo. 229; Colvin v. Hauenstein, 110 Mo. 575; Snyder v. Arn, 86 S. W. 197; Coberly v. Coberly, 87 S. W. 960. (2) The two actions, for possession and to try title, were improperly joined in one count of the petition.

*Scarritt, Griffith & Jones* for respondents.

(1) Appellant will not question the right of plaintiffs to bring an action against him under section 650, for the purpose of having the court ascertain and determine appellant's right and title, if any, to the land in question. That statute has been often construed and the rights of parties thereunder are well settled. Meriwether v. Love, 167 Mo. 514; Garrison v. Frazier, 165 Mo. 40; Huff v. Imp. Co., 157 Mo. 65. (2) Plaintiffs' petition unquestionably states a perfect and complete cause of action under section 650, Revised Statutes 1899. The prayer of the petition is in the very language of the statute. Spore v. Land Co., 186 Mo. 659; Meriwether v. Love, 167 Mo. 514; Garrison v. Frazier, 165 Mo. 40; Huff v. Imp. Co., 157 Mo. 165; Holloway v. Holloway, 97 Mo. 640. (3) Whether or not partition is

decreed in this case, among the owners of the land, is a matter that does not concern appellant McEvoy. The court has found and decreed that McEvoy has no right, title or interest whatever in this land. Consequently, in the partition thereof McEvoy has no interest or voice. The appellate court will not inquire into that part of the decree of the lower court which concerns partition of the land, until complaint is made by some one who has an interest in the land and a right to complain. None of the parties interested is appealing from the decree as to partition. Whether or not partition was rightly prayed and decreed in this case is, therefore, merely a moot question. This court does not sit to determine merely moot questions. Wirt v. Dinan, 41 Mo. App. 236. Appellant will not be permitted to obtain a reversal of the case upon a point that does not affect him. Kansas City v. Smart, 128 Mo. 272; St. Louis v. Lanigan, 97 Mo. 175. (4) In his brief in this court, defendant McEvoy for the first time raises the point that a prayer for an adjudication as to the title of the respective parties and the prayer for petition were improperly joined in the single count of the petition. This point was not raised by motion, demurrer or otherwise in the lower court, nor was it called to the court's attention in the motion for new trial. This objection has therefore been waived. Bank v. Dillon, 75 Mo. 380; Baker v. Raley, 18 Mo. App. 567; Kern v. Pfaff, 44 Mo. App. 29.

FOX, J.—This cause is here by appeal on the part of Patrick J. McEvoy, from a decree and judgment of the circuit court of Jackson county, Missouri. The record discloses that the most vital legal proposition involved in this cause rests upon the nature and character of this proceeding; hence, it is essential to here reproduce the pleadings of the parties to the controversy. The petition upon which the judgment and decree rests is as follows, omitting title of the cause:

"Plaintiffs for their cause of action against the de-

fendants state that the plaintiff, The American National
Bank, is a corporation organized and existing under and
by virtue of the national bank laws of the United States,
and is engaged in the banking business at Kansas City,
Missouri. That plaintiffs and defendants are the own-
ers of the rights and titles hereinafter particularly stat-
ed in and to the following described lands situate in
Jackson county, Missouri, to-wit: That part of the
west half of the west half of section twenty-three, town-
ship fifty, range thirty-three, which is bounded on the
north by the Missouri river; on the east by the east line
of the west half of the west half of said section twenty-
three; on the south by the north line of the southwest
quarter of the southwest quarter of section twenty-
three, and on the west by the west line of said section
twenty-three.

"That the plaintiff Ida Chamberlain owns and
holds a fee-simple title to an undivided ten thirty-sixths
of said real property; that plaintiff William N. Marshall
is the owner and holder of the promissory note de-
scribed in and secured by a certain deed of trust dated
June 20, 1891, recorded in book B—474, page 342, in
the office of the recorder of deeds in Jackson county,
made by Norman H. Chamberlain to E. C. Mapledorum,
trustee for Harvey L. Daugherty, and as the owner and
holder of said note and deed of trust securing the same
has a lien for the amount of the said indebtedness now
unpaid upon the undivided ten thirty-sixths of said
real property now owned and held by plaintiff Ida
Chamberlain; that plaintiff Oliver M. Spencer owns and
holds a fee-simple title to an undivided four thirty-
sixths of said real property; and that the plaintiff, The
American National Bank of Kansas City, owns and
holds a fee-simple title to an undivided twelve thirty-
sixths of said real property; that defendants Frederick
Funke and Alice Funke each own and hold a fee-simple
title to an undivided four thirty-sixths of said real prop-
erty; that defendant Charles I. Waples owns and holds

a fee-simple title to an undivided two thirty-sixths of said real property.

"Plaintiffs state that defendants Patrick J. McEvoy and Elizabeth A. McEvoy are husband and wife, and that defendants Patrick J. McEvoy and Richard Roe are in possession of a part of said real estate and claim some right or title to some interests in said real estate, but plaintiffs state that the share or quantity of the interest of defendants Patrick J. McEvoy, Elizabeth A. McEvoy and Richard Roe in and to said real property, is unknown to plaintiffs.

"Plaintiffs state that defendants Charles I. Waples, Frederick Funke and Alice Funke are non-residents of the State of Missouri and cannot be served with process in this State in the manner prescribed in article 4, chapter 8, of the Revised Statutes of Missouri of 1899.

"Wherefore, plaintiffs pray that in accordance with the law in such case made and provided, the court ascertain, determine and declare the rights, titles and interests of the respective parties to this suit in and to the land and premises hereinbefore described, and define and adjudge the title, estate and interest of the parties severally in and to the said real property, and give judgment that partition be made between such of said parties as shall have any right therein according to their rights as the same may be determined and adjudged by the court, and that commissioners be appointed as provided by law to make partition of said lands; that if it shall appear to the court that partition of said premises without great prejudice to the owners cannot be had, that the court order the sale of said real estate without the appointment of commissioners for the partition thereof in kind, and that the court in such case appoint a special commissioner to make the sale or sales of such real estate under the direction of this court, and divide the proceeds of said sale between the parties hereto as ordered by the court; and for such other and

further  orders and decrees in the premises as to the court may seem proper and right.''

The abstract of record does not disclose any answer by any of the defendants except the appellant Patrick J. McEvoy, which answer was as follows:

''Now at this day comes the defendant Patrick J. McEvoy and for separate answer to the plaintiffs' petition, denies each and every allegation therein contained not herein expressly admitted.

''The said defendant for further answer says, that he is now in the absolute, exclusive and undisputed possession of all that part of the real estate described in the petition which lies north of a line drawn from a point on the east line of the west one-half of the northwest quarter of section twenty-three, township fifty, range thirty-three, twelve hundred feet north of the northeast corner of the southwest quarter of the northwest quarter of said section to a point on the west line of said section, nine hundred and eighty-seven feet north of the northwest corner of the southwest quarter of the northwest quarter of said section.

''That said defendant is the absolute owner in fee of an indefeasible estate of all the land described in the petition, lying north of the line aforesaid; and that the plaintiffs and the other defendants herein, have no interest or estate therein whatever, except the wife of this defendant, Elizabeth A. McEvoy, whose interest herein is such as arises out of her marital relations to this defendant.

''Said defendant further says that he has been in the exclusive, open, notorious, undisputed possession of all of the land mentioned in the petition lying north of the line aforesaid, claiming title thereof for more than twenty years prior to the institution of this suit. Wherefore, he asks judgment and that he may be discharged with his costs.''

Plaintiffs filed their reply, which was a general denial of the allegations contained in the answer.

This cause was tried by the court without the aid of a jury. Upon the trial it was admitted that the petitioners had a perfect record title from the United States by mesne conveyances to themselves to all that part of west half of the northwest quarter of section 23, which is south of the Missouri river, as it existed November 9, 1887, together with all accretions to said land since said date. Plaintiffs introduced a quit-claim deed from J. R. Lynn, John M. Lynn, Patrick McEvoy, and others, to Hadley, Funke and Perrin, dated November 9, 1887, conveying the land, "it being the intention to convey all the land in the north half of the west half of fractional section 23, township 50, range 33, south of the Missouri river, except the south forty acres thereof, containing 73.16 acres more or less." It was admitted that the parties petitioning obtained title from Hadley, Funke and Perrin.

Defendant McEvoy offered evidence tending to prove the following facts:

That at the time of the execution of the deed above referred to, the south bank of the Missouri river was some distance south of the line mentioned in the answer as the south line of the land owned by defendant McEvoy. That at the time there was an island in the river some distance from the south bank of the river where it marked the north boundary of the land conveyed by said deed. That at that time and for some years afterwards a part of the current of the river ran on the south of the island, between it and the north bank of the river. That when the bridge was built by the C. M. & St. P. Ry. Co., across the river in 1886, just west of the west end of the island, a pier of the bridge was set in the edge of the river, which deflected the portion of the current which then ran on the south of the island, to the north of the island, and then the channel between the island and south bank of the river began to fill up by accretions gradually forming along the south bank of the river and the south margin of the island, until the

channel between the island and river bank was obliterated and filled up. That defendant McEvoy took possession of the island in 1876, and has continued in possession ever since, of the land which was then the island and all acretions forming thereto, to the line marked by the meeting of the accretions forming to the island and the bank of the river, as it existed in 1887, when the deed was made. That when the accretions thus forming filled up the channel between the island and main bank of the river in the year 1890, defendant McEvoy built a fence along the line marked by the meeting of the accretions, forming on the island and the bank of the river, and has maintained it from that time to the present; and defendant McEvoy claims that particular piece of land so fenced. That his possession has been continuous, undisturbed, exclusive, adverse and notorious under a claim of right and title to the land thus marked.

It is unnecessary to detail the evidence offered by plaintiffs in rebuttal of the testimony offered by defendant McEvoy and wife upon the issues presented in the answer, but it is sufficient to dispose of the legal propositions involved to say that numerous witnesses were introduced whose testimony tended to disprove the claim of the defendant upon the issues as is presented in their answer.

At the close of the evidence defendant Patrick J. McEvoy requested the court to give the following instructions:

"1. The court declares the law to be that if the court finds from the evidence that defendant Patrick J. McEvoy is in possession of the land described in his answer, asserting an exclusive ownership, then the finding and judgment must be for the defendant Patrick J. McEvoy in this action.

"2. The court declares the law to be that if defendant Patrick J. McEvoy entered upon the land described in his answer, about 1886, and erected a building thereon, and about the year 1890 inclosed the same with a

fence, and has since said time maintained such fence and has cultivated the land or parts of it, and occupied the same either by himself or by his tenant, and denied the right of the plaintiffs to the posession of the same, then his possession has been hostile and adverse to plaintiffs, and the finding and judgment must be for defendants.

"3. If the court finds from the evidence that at the time McEvoy made the deed to Chamberlain read in evidence by plaintiffs, there was a part of the current of the water in the river which flowed along where the defendant McEvoy built his fence, and that McEvoy took possession of the land now claimed by him, or had possession thereof, by building thereon a small house and has been in possesion since said time by tenant or otherwise, claiming title thereto, then the finding and judgment must be for defendant McEvoy in this case."

These instructions as requested by defendant were refused by the court, to which action of the court objections and exceptions were duly preserved. The cause was then submitted and the court rendered and entered of record the following decree:

"On this day come the plaintiffs Ida Chamberlain, William N. Marshall, Oliver M. Spencer and the American National Bank of Kansas City and file proof of publication herein, showing that defendants Charles I. Waples, Fredrick Funke and Alice Funke (non-residents) were duly notified by publication, and this cause coming on regularly to be heard and plaintiffs appearing by their attorneys, Scarritt, Griffith & Jones, and defendant Patrick J. McEvoy having heretofore answered and now appearing in person and by his attorney, Roland Hughes, Esq., and it appearing to the court that defendants Elizabeth McEvoy and Richard Roe were duly and personally served with process herein, and that defendants Charles I. Waples, Fredrick Funke and Alice Funke are non-residents of the State of Missouri and have been duly notified by publication and that all

of said defendants except Patrick J. McEvoy, though duly called, come not but made default.

"Wherefore, on motion of the plaintiffs by their attorneys, it is ordered that judgment be taken against all of the defendants except said Patrick J. McEvoy, by default, and this cause being taken up and submitted to the court upon the pleadings and the evidence adduced by plaintiffs and said defendant Patrick J. McEvoy, and the court being fully advised in the premises doth find: that the allegations of the plaintiffs' petition are true; that in 1891 Fredrick Funke died testate in Jackson county, Missouri, leaving a wife, the defendant Alice Funke, and a son, the defendant Fredrick Funke, who are the sole heirs of Frederick Funke, deceased, and the court doth find that the estate of Fredrick Funke deceased has been finally and fully settled in the probate court of Jackson county; that the plaintiffs Ida Chamberlain, Oliver N. Spencer and the American National Bank of Kansas City, and defendants Charles I. Waples, Frederick Funke and Alice Funke are the sole owners of the real estate described as follows, to-wit: That part of the west half of the west half of section twenty-three, township fifty, range thirty-three, in Jackson county, Missouri, which is bounded on the north by the Missouri river, on the east by the east line of the west half of said section twenty-three, on the south by the north line of the south half of the northwest quarter of the southwest quarter of said section twenty-three, and the court doth define, adjudge and decree the title, estate and interest of the respective parties, plaintiffs and defendants, in and to said real estate to be as follows, to-wit: That Ida Chamberlain owns and is entitled to an undivided ten thirty-sixths interest and estate in and to said real estate, subject to a deed of trust dated June 20, 1891, and recorded in Book B—474, page 342, in the office of the recorder of deeds in and for Jackson county, at Kansas City, made by said Ida Chamberlain and Norman H. Chamberlain, her hus-

band, to E. C. Mapledorum trustee for Harvey L. Daugherty, which said deed of trust and the note secured by the same is now owned and held by William N. Marshall; that plaintiff, Oliver M. Spencer, owns and is entitled to an undivided four thirty-sixths interest and estate in and to said real property; that plaintiff, the American National Bank of Kansas City, owns and is entitled to an undivided twelve thirty-sixths interest and estate in and to said real property; that defendants Frederick Funke and Alice Funke each owns and is entitled to an undivided four thirty-sixths interest and estate in and to said property; that defendant Charles I. Waples owns and is entitled to an undivided two thirty-sixths interest and estate in and to said real property; that defendants Patrick J. McEvoy, Elizabeth A. McEvoy and Richard Roe do not own and are not entitled to any title, estate or interest whatever in or to said real estate or any part thereof.

"Wherefore it is further considered, adjudged and decreed by the court that partition of the land hereinbefore described be made herein amongst the parties hereto according to their respective estate and interests as hereinbefore defined and adjudged and set forth, and that ten thirty-sixths of the whole thereof be set off to Ida Chamberlain subject to the lien of the said deed of trust held by William N. Marshall; and that four thirty-sixths of the whole thereof be set off to Oliver M. Spencer, and that twelve thirty-sixths of the whole thereof be set off to plaintiff the American National Bank of Kansas City; that four thirty-sixths of the whole thereof be set off to defendant Fredrick Funke and that four thirty-sixths of the whole thereof be set off to defendant Alice Funke; that two thirty-sixths of the whole thereof be set off to defendant Charles I. Waples; and for the purpose of making said partition and divisions of said land the court doth hereby appoint William S. Woods, C. H. Whitehead and Daniel W. Pike, three competent persons and residents of the

county of Jackson, to be commissioners to make said partition as herein defined and adjudged and that said commissioners make report of their proceedings herein according to law."

Motions for new trial and in arrest of judgment were duly filed and by the court overruled. Defendant Patrick J. McEvoy, in due time and proper form, from the judgment and decree in this cause, prosecuted his appeal to this court, and the record is now before us for consideration.

### OPINION.

It is apparent from the record before us that the only legal proposition involved is the correctness and sufficiency of the decree and judgment rendered in this cause. At the very inception of the consideration of the question disclosed by the record, it is essential to first determine the nature and character of the proceeding. In fact, that is about the only question to be determined and is the only one to which our attention is directed by counsel for both respondent and appellant. It is insisted by appellant that this action is simply one for partition of real estate as provided by the statute. That being the nature of the action, the defendant McEvoy being in possession of a part of the land sought to be partitioned, claiming it adversely to the plaintiffs and his co-defendants, who it is alleged are owners of certain undivided interests in said land, it is also insisted that the defendant's claim or title to the land of which he is in possession cannot be litigated in this proceeding. On the other hand, it is insisted by respondents that this is a proceeding predicated upon section 650, Revised Statutes 1899, to ascertain, determine and declare the rights, title and interests of the respective parties to this suit in and to the land in dispute, and that the prayer for partition is a mere incident to the main proceeding under section 650.

We have carefully scrutinized the petition in this case and it is manifest that this is not a proceeding based upon section 650, Revised Statutes 1899, and it is equally clear that the petition was not filed upon that theory. It is simply a plain action in partition, which is fully provided for by the statute of this State. The pleading was named a "petition for partition," and while the allegations in the petition must determine the nature and character of the proceeding, yet this fact at least indicates that the pleader had in mind an ordinary partition suit. The allegations in the petition are in perfect harmony with the name of the petition—that is, one for partition. The interests of plaintiffs are alleged and the interest of defendants Fredrick and Alice Funke and Charles I. Waples are clearly set forth. It is then alleged "that defendants Patrick J. McEvoy and Elizabeth A. McEvoy are husband and wife, and that defendants Patrick J. McEvoy and Richard Roe are in possession of a part of said real estate and claim some right or title to some interests in said real estate, but plaintiffs state that the share or quantity of the interest of defendants Patrick J. McEvoy and Richard Roe in and to said real property, is unknown to plaintiffs." Then follows the prayer for judgment for partition and the appointment of commissioners to make the same in kind, provided it can be done.

It is suggested by respondent that the prayer of the petition is in exact accord with the provisions of section 650, asking the court to ascertain and determine the title and interests of the respective parties to the land in suit, etc. That is true, but is not such prayer appropriate and in harmony with good pleading in a plain, ordinary partition suit? The essential requisites of a proper judgment in a partition proceeding are that the court shall ascertain and define the interests of the parties among whom the land is to be partitioned, and it is equally essential that the judgment predicated upon a proceeding based upon section 650 should ascertain and

define the title and interest of the parties to the land in dispute between the parties to the suit.

The vital and essential difference between an action in partition and one under section 650 is that in the former the action proceeds upon the theory that the parties are joint tenants, tenants in common or coparceners; in the latter, the proceeding is to ascertain and define the title of adverse claimants to the property. It is fundamental that to maintain the action of partition, the parties seeking such partition of real estate must have either the actual or constructive possession of the land sought to be partitioned. The law upon this proposition is well stated in 21 Am. and Eng. Ency. Law (2 Ed.), 1147 and 1148. It is there said: "At common law neither the title nor the right to possession of land can be determined in an action for partition. It follows that the plaintiff in partition, in the absence of a statute authorizing the trial of questions of disputed title, must have a clear and undisputed title to an undivided share of the land of which partition is sought. If the applicant is not in the actual or constructive possession of the premises to be partitioned, and they are held adversely, and his title is disputed, he cannot maintain the action. In most jurisdictions this rule has been adopted irrespective of whether the remedy is sought by petition or by a bill in equity. Partition contemplates not the recovery of the possession of premises which are held adversely to the petitioner, but the division of lands in the possession of the petitioner. The right to have the estate divided presupposes an acknowledged right to the possession of the moiety claimed. A party out of possession cannot try his title in that form of action."

Partition of lands in this State is regulated by statute. Section 4373, Revised Statutes 1899, provides: "In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, ten-

ancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder," etc.

It is manifest from this provision that the statute proceeds upon the theory that the applicants for such partition are either in actual or constructive possession of the premises and are either joint tenants, tenants in common or coparceners. It will be observed that the petition in this cause alleges that McEvoy and Roe are in possession of a part of the land sought to be partitioned, and in view of the allegations in the answer and the proof adduced upon the trial, it will certainly not be contended that the defendant McEvoy was not claiming the land of which he was in possession adversely to the plaintiffs and co-defendants, whose interests are set out in the petition. In fact there can be no dispute from this record that McEvoy was claiming such land adversely to the plaintiffs and co-defendant, whose interests are set out in the petition, and having been made a party to this partition proceeding, the court, under the well-settled rules of law, repeatedly announced by this court, could not undertake to try the title or the right of possession of McEvoy to such land and enter a decree of partition of it. [Lambert v. Blumenthal, 26 Mo. 471; Shaw v. Gregoire, 41 Mo. 407; Holloway v. Holloway, 97 Mo. 628; Estes v. Nell, 140 Mo. 639; Hutson v. Hutson, 139 Mo. 229; Colvin v. Hauenstein, 110 Mo. 575; Snyder v. Arn, 187 Mo. 165; Coberly v. Coberly, 189 Mo. l. c. 16.]

Learned counsel for respondent suggest in their brief that the decree of the lower court does not undertake to award a writ of ouster against defendant McEvoy, and states that the question of McEvoy's right to possession could be determined by ejectment or other appropriate action. This suggestion emphasizes the

correctness of the conclusion that a decree of partition
cannot be rendered in a cause where one of the parties
to the suit is claiming the land adversely to all those who
seek its partition, for the reason that the commissioners
appointed by the court to make partition of it, until the
right of possession by an apropriate action in ejectment
had been determined, could not proceed to the discharge
of their duties in the division of the land while the de-
fendant remains in the adverse possession of the prem-
ises.  Take this case, and it is conceded that McEvoy is
in possession, and the record discloses that he is claim-
ing adversely to all the parties who claim an interest
in this particular piece of land; how are the commission-
ers to enter upon these premises in the adverse posses-
sion of McEvoy to partition it among those whom the
court has found are the owners of it?  It simply cannot
be done; hence, follows the well-settled rule heretofore
announced, that the title and the right of possession
must first be settled before there can be a decree of par-
tition between the joint tenants, tenants in common or
coparceners.

Again it is clear that this proceeding is not one un-
der section 650, to ascertain and define the title of the
defendant McEvoy to the land in dispute, for if such
was the case, we are unable to understand why Fred-
erick and Alice Funke and Charles I. Waples, whose in-
terests in this land were known and alleged in the pe-
tition, should be made defendants in this proceeding.
If such was the proceeding those  defendants should
properly be made plaintiffs, for their interests in the
land are known and are clearly alleged in the petition.
It appearing from the allegations in the petition that
the defendant McEvoy is in possession of a certain part
of the land sought to be partitioned, and it being clearly
disclosed by the record that such possession is adverse
to all the parties claiming any interest in such land, and
he being made a party to this proceeding, there was
only one course for the trial court to pursue in this cause

and that was to defer the rendition of a decree in partition until the title and right of possession as between the parties whose interests are alleged in the land, and defendant McEvoy who is in adverse possession, is settled in an appropriate action for the recovery of the possession of such land.

Our attention is directed by counsel for respondent to the case of Holloway v. Holloway, 97 Mo. 628, in support of the contention that defendant McEvoy's title may be litigated in this proceeding. In that case it will be observed that the defendant did not claim to be holding the premises adversely to the plaintiffs, but was simply claiming that by warranty deed he was the owner of the undivided one-half, and the court, under the provisions of section 4389, Revised Statutes 1899, clearly had the right to determine the adverse claims of the tenants in common to certain undivided portions of the land. Manifestly that is not this case. Here the defendant McEvoy, as to the land described in his answer, asserts absolute title as against all the parties to this proceeding, and the petition of the plaintiffs recognizes that he is in possession of such tract of land which is definitely described, and this land, according to the testimony, was inclosed by a fence by the appellant. That appellant is in possession of this land and claiming it adversely to all the parties who claim any interest in the land sought to be partitioned, is made, by the record, too clear for discussion, and we again repeat that, the defendant McEvoy having been made a party to this proceeding, before any judgment or decree of partition can be made of the definitely described premises, of which he has possession and claiming the same adversely to all the other parties to this suit, there must be, by an appropriate action in ejectment, the determination of his right of possession, and so long as he is in the actual, adverse possession of such land, we are unable to see how the commissioners appointed by the

court are to enter upon it for the purpose of dividing it between the parties who claim an interest in it.

We have thus indicated our views upon the legal propositions presented by the record in this cause, which results in the conclusion that the judgment should be reversed and the cause remanded to be proceeded with in accordance with the views herein expressed, and it is so ordered.

All concur.