W. R. HOPSON, Appellant, v. JOHN PREGEE, Respondent.

Kansas City Court of Appeals, February 7, 1921.

1. **PARTITION: Personal Property: Change of Possession: Title: Necessity of Delivery: Notice.** Where a purchaser does not get title to the entire property he is not entitled to the exclusive possession of the property, but where there is some visible act clearly and unequivocally indicating a delivery of possession of an interest in the property, imparting notice to third persons that a change of ownership has taken place, a conveyance thereof is not void under section 2282, Revised Statutes 1919.

2. ———: **Evidence: Joint Ownership: Notice: Fraudulent Conveyance: Sufficient Delivery: Possession.** The placing of an automobile in the hands of a third person as bailee and notification to him that he is holding the same jointly for the vendor and vendee,

29

each exercising rights of ownership in the car are such visible acts of delivery of possession of their respective interests therein, as was necessary under the circumstances, and sufficient change of possession to take the case out of section 2282, Revised Statutes 1919.

3. ———: Remedy: Disputed Title and Possession: Equity Jurisdiction. A joint owner of personal property has the right to partition the same in a court of equity, although he is not in possession, his title thereto disputed, and entire estate adversely claimed.

Appeal from Pettis County Circuit Court.—*Hon. Hopkins B. Shain,* Judge.

REVERSED AND REMANDED.

*Wilkinson & Barnett* for appellant.

*Lamm, Bohling & Lamm* for respondent.

BLAND, J.—This is a suit to partition an automobile. The case was tried by the court without the aid of a jury. Judgment was for the defendant and plaintiff has appealed.

It was admitted that in the early part of the year 1919 one Guthrie was the sole owner of the car. Plaintiff testified that at that time Guthrie made a contract with him wherein plaintiff was to make much needed and extensive repairs upon the car and in consideration of plaintiff doing the work he was to have an undivided one-half interest in it. Plaintiff put the automobile in a barn of a third person and he and Guthrie told such person that it should be held subject to the order of either of them. Each paid one-half of the rent. Plaintiff worked upon the automobile and put it in repair. Plaintiff took the automobile out several times and attempted to sell it and Guthrie did the same thing. Defendant, Executor, after the work was done, had the whole title to the car sold under an execution upon a judgment rendered October 7, 1919, against Guthrie, defendant buying in the car at the sale. Plaintiff hearing of the levy and before the sale told the attorneys for the defendant that "he had a lien or the same as a lien upon the car."

There was no declaration of law or finding of fact requested but the court *ex gratia* made the following statement at the close of the evidence:

"It is the opinion of the court that the change of possession which followed the conveyance of title by Guthrie to the plaintiff was not such a complete change of possession as is necessary to take the conveyance out of the fraudulent conveyance statute but that the subsequent possession after title passed was a joint possession of the plaintiff and Guthrie, and, therefore, the conveyance was void as to creditors. It therefore follows that the execution sale of Guthrie's interest in the car passed the whole title and judgment should therefore be rendered for the defendant."

The fraudulent conveyance statute mentioned by the trial court is section 2282, Revised Statutes 1919. This statute provides that—

"Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possessioion of the things sold, shall be held to be fraudlent and void, as against the creditors of the vendor."

Plaintiff insists that there was sufficient change of possession to take the case out of the statute, supra. This section has been often construed by the courts and it has been held that it requires and open and visable change of possession so that everyone will know that the property has changed hands and the title has passed. [Claflin v. Rosenberg, 42 Mo. 439; Burgert v. Borchert, 59 Mo. 80; Wright v. McCormick, 67 Mo. 426; Stewart v. Bergstrom, 79 Mo. 524; Halderman v. Stillington, 63 Mo. App. 212; Bishop v. O'Connell, 56 Mo. 158.]

The Claflin case is authority for the proposition that where the vendor conveys the entire title concurrent possession of the vendor and vendee is not sufficient to take the sale out of the statute. Where the goods are in the hands of a bailee at the time of the sale and notice is given by the vendor to the bailee of the sale, there is

sufficient transfer of posession. [How v. Taylor, 52 Mo. 592; Worley ex rel. Standley v. Watson, 22 Mo. App. 246; Halderman v. Stillington, supra.] If as much possession is taken of the property as can be taken under the circumstances in view of the situation, the statute is complied with. [State v. Casteel, 51 Mo. App. 143; Webster v. Anderson, 42 Mich. 554.]

In this case plaintiff, the purchaser, did not get title to the whole, therefore, he was not entitled to the exclusive possession of the property. Under such circumstances while there was no requirement that the vendor deliver the exclusive possession to plaintiff, it was necessary that there be some visible act clearly and unequivocally indicating a delivery of possion of one-half interest and imparting notice to a prudent man that such a change had taken place. The placing of the automobile in the hands of a third party as bailee and notification to him that he was holding it for Guthrie and plaintiff, each paying one-half of the rent and each exercising rights of ownership in the car, was such a visible act of delivery of the possession of a one-half interest in the car to plaintiff as was reasonably necessary under the circumstances, and we think the trial court was in error in its conclusions in reference to the matter.

However, defendant insists that the burden was upon plaintiff to prove not only such change of possession as is required by the statute but that a one-half interest in the automobile was conveyed to him regardless of the statute, and that the finding of the court being silent upon this point, its finding must be deemed against plaintiff who had the burden of proof; that the evidence was contradictory as to whether plaintiff had title to one-half interest in the car or only a lien thereon. The court found that the title passed as between Guthrie and plaintiff but that the possession of the two was joint and therefore void as to creditors. The court, therefore, found in favor of plaintiff as to the matter of the passing of the title, and the finding in its entirety was clearly erroneous.

We think that partition is the proper remedy. While it is true, as insisted by the defendant, that article 11, chapter 13, Revised Statutes 1919, applies to the partition of personal property as well as of real estate and that it has been held that where defendant is in actual possession claiming the estate adversely to plaintiff, partition to determine the title cannot be maintained, and that it is not a statute to try the title or to settle the right of disputed possession (Chamberlain v. Waples, 193 Mo. 96), this rule applies to the partition of real estate and not personal property. One tenant in common, or joint owner, cannot sustain replevin against his co-tenant. [Pulliam v. Burlingame, 81 Mo. 111; Lisenby v. Phelps, 71 Mo. 522.] On the other hand, an action in ejectment is not barred by the fact that defendant owns an interest in the land, since plaintiff may be entitled to be let in possession as a co-tenant. [15 Cyc. 64.] At common law real estate was susceptible of common possession and enjoyment and in case of total exclusion of either co-tenant he had his remedy by an action of ejectment. On account of the fact that a joint owner of personal property had no such remedy, or any remedy, at law, courts of chancery took jurisdiction of actions for the partition of personal property and such courts for the same reasons would proceed in cases in which plaintiff's title to the property was denied by the defendant. The right of joint owner of personal property to partition the same in a court of equity has long been allowed athough he was not in the possession and defendant disputed his possession or claimed the title to the entire estate adversely to plaintiff. [Freeman on Cotenancy and Partition (2d Ed.), sec. 426, p. 555; Godfrey v. White, 60 Mich. 443, 449; Robinson v. Dickey, 143 Ind. 205, 208, 209; Thompson v. Thompson, 107 Ala. 163, 169.]

The judgment is reversed and the cause remanded. All concur.